Thomas A. BENSON and Susan J. Benson, Plaintiffs–Appellees,

v.

SI HANDLING SYSTEMS, INC., and BT Systems, Inc., Defendants–Appellants.

No. 99–2700.

United States Court of Appeals, Seventh Circuit.

Submitted July 26, 1999.

Decided Aug. 12, 1999.

Robert M. Chemers (submitted), Pretzel & Stouffer, Chicago, IL, for Petitioners.

Edward G. Willer, Corboy & Demetrio, Chicago, IL, for Parties-in-Interest.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

EASTERBROOK, Circuit Judge.

Defendants removed this tort suit from state to federal court under the diversity jurisdiction, but the district judge soon remanded it, ruling that the papers did not establish that the amount in controversy exceeds $75,000. Back in state court, plaintiffs revealed in discovery that they suffered more than $75,000 in damages. Defendants filed a second notice of removal, and again the district judge remanded—not because of any jurisdictional problem, for the requirements of 28 U.S.C. § 1332(a) are satisfied, but because in the judge's view successive removals are impermissible. Defendants now seek a writ

of mandamus to compel the district court to recall its remand.

■ First in line is the question whether we are authorized to review the district court's order—and, if so, whether appeal or mandamus is the proper device. Relying on 28 U.S.C. § 1447(d), plaintiffs insist that we dismiss the petition. Section 1447(d) says that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise", and literal application of this language would be dispositive. But the Supreme Court has not read it literally. Instead the Court deems § 1447(d) linked to § 1447(c), which authorizes remands for lack of jurisdiction and defects in removal procedure (as § 1446 defines those procedural requirements). "[O]nly remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). See also, e.g., *Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 712, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). Neither § 1447(c) nor anything else in the sections of the Judicial Code devoted to removal forbids successive removals. The rule against them—if there is such a rule—is an extra-statutory judicial invention, and thus subject to the appellate process.

■ Appeal rather than mandamus is the right route. Although *Thermtron* stated that mandamus is essential and appeal impermissible, *Quackenbush* reversed that conclusion. 116 S.Ct. 1712, 517 U.S. at 714–15. The Court observed that this aspect of *Thermtron* had been based on *Railroad Co. v. Wiswall*, 90 U.S. (23 Wall.) 507, 23 L.Ed. 103 (1875), a decision the Justices now deem "superannuated". 517 U.S. at 715. A remand order terminates the litigation in federal court and therefore after *Quackenbush* is appealable as a "final decision" under 28 U.S.C. § 1291—unless § 1447(d) forecloses appeal, which here it

does not. Defendants did not file a document with the label "notice of appeal," but their petition for mandamus contains all of the information required by Fed. R. App. P. 3 and therefore may be treated as a notice of appeal, see *Smith v. Barry*, 502 U.S. 244, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), if it was filed within the time for appeal. Which it was. The district court's remand order, although dated May 20, 1999, was not entered on the docket until June 9. Our court received the petition for mandamus on July 8, within the 30–day limit set by Fed. R. App. P. 4(a)(1). Proceedings on an appeal entail none of the special limitations that dog the writ of mandamus; we are free to decide in a straightforward way whether the district court was correct to believe that there is a *per se* rule against multiple removals.

■ Nothing in § 1446 forecloses multiple petitions for removal. Section 1446(c) expressly authorizes sequential petitions in criminal cases, and the silence on this subject in § 1446(b), which covers civil litigation, can't reasonably be understood to reflect a prohibition. Silence leaves the matter to judges—though with a broad hint about the answer. The second paragraph of § 1446(b) reads:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

This tells us that even when a case is not removable at the outset, a notice of removal may be filed within 30 days after it becomes removable. This implies that an unsuccessful earlier attempt to remove is not dispositive. A premature removal may

lead to a perfectly justified remand; but when matters change—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old. Defendants in our case filed their (second) notice of removal within 30 days after plaintiffs revealed that they seek more than $75,000 in damages, and less than a year after the state action commenced. Section 1446(b) shows that this step was proper.

The district judge attributed the anti-multiple-removal rule to *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 712 (7th Cir.1992). But that opinion did not create any such doctrine. We related that *the district court* had disparaged multiple removals but did not pursue the subject because § 1447(d) foreclosed appellate review. Although the district judge in *Amoco* took a dim view of successive removals, the remand ultimately rested on a conclusion that defendants had not followed removal procedures prescribed by statute. 964 F.2d at 710–13. A remand based on that ground is covered by § 1447(d). See 964 F.2d at 713. An opinion declining to review the remand cannot be understood to approve every (or any) part of the district court's reasoning.

Well, then, should we now create a rule forbidding multiple attempts to remove civil cases to federal court? As far as we can see, only one court of appeals has considered that possibility—and it has held that a litigant may try more than once. *O'Bryan v. Chandler*, 496 F.2d 403 (10th Cir.1974). Section 1446(b) implies the same conclusion, as we have said already. Multiple removals could encounter problems—could even lead to sanctions, see *Wisconsin v. Glick*, 782 F.2d 670 (7th Cir.1986)—if nothing of significance changes between the first and second tries. This is not because of issue preclusion (collateral estoppel): a district judge's remand order lacks preclusive effect when § 1447(d) blocks appellate review. See *Health Cost Controls of Illinois, Inc. v.*

*Washington*, 187 F.3d 703, 708–09 (7th Cir.1999). The first remand order, based on the judge's conclusion that federal jurisdiction had not been established, was covered by § 1447(d). But even non-appealable orders are law of the case and may be revisited only when intervening events justify that step. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 816–17, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Such an event occurred: plaintiffs conceded that they seek more than the jurisdictional minimum amount. That revelation opened a new 30–day window for removal under § 1446(b).

The only effect of adopting an absolute one-bite rule would be to encourage plaintiffs to be coy. Complaints need not include an *ad damnum*. This poses difficulties for defendants who believe that the stakes exceed $75,000 and prefer the federal forum. How is the amount in controversy to be established? Courts accept good-faith estimates by defendants as well as by plaintiffs, see *The Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203 (7th Cir.1997), but it may be hard for defendants to make and substantiate a realistic estimate early in the case if plaintiffs keep mum. That is why the district judge remanded following defendants' initial notice of removal. Plaintiffs then 'fessed up, apparently believing that their earlier silence (coupled with the failed removal) had locked the case into state court. We see no reason to reward game-playing of this kind. For good or ill, Congress has authorized the removal of cases in which the parties are of diverse citizenship and the stakes exceed $75,000. When either side to such a suit prefers the federal forum, that preference prevails. Now that it is clear that the jurisdictional requirements of § 1332 have been met, this case must be resolved in federal court.

REVERSED AND REMANDED.