William C. GROVER, Plaintiff,

v.

COMDIAL CORP., Defendant.

No. CIV.A. 303CV00017.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Aug. 4, 2003.

Edward Bennett Lowry, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, VA, for plaintiff.

James Patrick McElligott, Jr., David F. Dabbs, McGuirewoods LLP, Richmond, VA, Robert Craig Wood, McGuire Woods LLP, Charlottesville, VA, for defendant.

## MEMORANDUM OPINION

MICHAEL, Senior District Judge.

This matter comes before the court on the plaintiff's motion to remand filed

March 5, 2003. This matter was referred to the presiding United States Magistrate Judge for proposed findings of fact, conclusions of law, and a recommended disposition. *See* 28 U.S.C. § 636(b)(1)(B) (West 2000 & Supp.2002). In his May 1, 2003 Report and Recommendation, the magistrate judge recommended that this court grant the plaintiff's motion and remand this case to the state court. The defendant filed objections to portions of the magistrate's Report and Recommendation on March 3, 2003, to which the plaintiff filed a timely response

The court has performed a de novo review of those portions of the Report and Recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R.Civ.P. 72(b). Having thoroughly considered the parties' memoranda, oral argument, and all relevant law, and for the reasons stated herein, the court shall grant the plaintiff's motion to remand.

## I.

The history of this case is long and tortured, evoking the well-known image of Mr. Dickens' Jarndyce and Jarndyce, a case in equity dragging "its dreary length before the court, perennially hopeless." Charles Dickens, Bleak House 52 (Norman Page ed., Penguin Books 1971) (1853). Because the procedural stance of this case is integral to the resolution of the legal issues presented, the court must present this brief summary of the circuitous route this case has taken between the state and federal court systems.

In August of 1993, William C. Grover, the plaintiff, began to work for the defendant, Comdial Corporation, a publicly traded communications equipment company. The plaintiff rose to the position of senior vice-president. As a senior executive, the plaintiff was entitled to participate in the defendant's "Retirement Benefit Restoration Plan," and the "Executive Severance Plan." On July 31, 2000, the plaintiff was informed he was being terminated immediately for cause. In connection with his termination, the plaintiff was notified that under the terms of the retirement and executive severance plans, termination for cause would disqualify him from receiving benefits.

In February of 2001, the plaintiff filed this action in the Circuit Court for the County of Albemarle, Virginia, contesting the defendant's decision to terminate his employment for cause. The plaintiff's original complaint alleged breach of contract and defamation claims. In April of 2001, the defendant filed its first notice of removal with this court, asserting, inter alia, that the plaintiff's breach of contract claim was preempted by ERISA and as such would justify the exercise of federal question jurisdiction. The plaintiff moved for remand and, after thorough consideration, this court remanded the case to state court by an order entered May 23, 2002. *Grover v. Comdial Corp.*, 28 Employee Benefits Cas. (BNA) 1843 (W.D.Va. 2002), *available at* 2002 WL 1066951.

Following remand, the state court reassumed jurisdiction over the case and heard the parties on Comdial's demurrer to the plaintiff's complaint. On November 25, 2002, the state court granted the defendant's demurrer with regard to the plaintiff's defamation claim but denied the demurrer as to the plaintiff's breach of contract claim. The plaintiff was then given leave to amend his complaint. On December 2, 2002, the plaintiff filed his Second Amended Motion for Judgment alleging breach of contract and defamation, both of which were previously pled, and adding a claim of tortious interference with a contractual relationship. Once again relying on ERISA preemption, Comdial demurred to the plaintiff's state law claims. The plaintiff filed his Memorandum in Opposition to Second Demur-

rer on January 30, 2003. Comdial then filed a memorandum in support of its demurrer, to which the plaintiff responded by filing his Reply Memorandum in Opposition to Second Demurrer on February 11, 2003.

The defendant's second notice of removal, filed with this court on March 3, 2003, primarily relies upon the plaintiff's January 30 memorandum as the basis for removal.[1] The defendant argues that the plaintiff's memoranda have recharacterized the legal theories underlying his substantive claims in such a manner as to once again raise a federal question. In his January 30 memorandum, the plaintiff cited two decisions of the Supreme Court of Virginia, *Dulany Foods, Inc. v. Ayers,* 220 Va. 502, 260 S.E.2d 196 (1979) and *Hercules Powder Co. v. Brookfield,* 189 Va. 531, 53 S.E.2d 804 (1949), as support for his tortious interference claim. The plaintiff did not cite or discuss these cases in any prior pleadings or filings. The plaintiff indicates these cases stand for the proposition that an employee may be entitled to rely on participation in employer sponsored benefit plans as an element of an employment contract. The plaintiff contends that Comdial decided to terminate him for cause to interfere with his right to claim employment benefits. The plaintiff claims that he seeks a remedy, not against the administrators of any ERISA-governed benefit plans, but rather against Comdial directly. The defendant disputes the plaintiff's characterization of the case law and instead submits that the plaintiff relies upon these cases to request that the state court enforce the substantive terms of Comdial's ERISA-governed plans and award benefits under those plans.

The court takes note of the fact that the presiding state court judge, ruling on the substance of the defendant's demurrer, issued a letter opinion on March 4, 2003. The state court was not aware that this case had been removed to this court on March 3, 2003 until late in the afternoon of the following day.[2] In his letter opinion, the state circuit judge sustained Comdial's demurrer to the plaintiff's wrongful termination and defamation causes of action, but denied the defendant's demurrer to the plaintiff's tortious interference claim. The state court judge also determined that the plaintiff's state law claims were not preempted by ERISA. The parties agree that at the time the state court issued its opinion, it had already been divested of jurisdiction and that the letter opinion is thus inapplicable to the case in the posture in which it now stands.

## II.

The defendant raises three objections to the magistrate judge's Report and Recommendation. The court will address each of the objections in turn, two of which need be only briefly discussed.

## A.

First, the defendant reads the Report and Recommendation as conflating defensive preemption under 29 U.S.C. § 1144(a) with federal question jurisdiction pursuant to 28 U.S.C. § 1331. This court does not read the magistrate judge's reasoning in his report in this manner, but instead understands his report to examine whether

1. The defendant points to the plaintiff's February 11 memorandum as additional support for its position, but focuses mainly on the January 30 memorandum as first raising the legal theory the defendant contends provides justification for removal.

2. The defendant attempted to file its notice of removal with this court on February 28, 2003, but the courthouse was closed due to inclement weather. As a result, the defendant was not able to file the notice of removal with the court until the following Monday, March 3. This court issued an order removing the case the following day, March 4, 2003.

the plaintiff's recent filings raise a new legal theory triggering the propriety of removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court will proceed on this understanding and therefore will overrule the defendant's first objection.

### B.

Second, the defendant notes that the report incorrectly treats the removal petition as exclusively based on the legal contentions made in the plaintiff's February 11 memorandum. As noted above, the defendant contends that removal is based in part on the plaintiff's January 30 memorandum. The court recognizes that the plaintiff's prior memorandum does mention the newly cited cases upon which the defendant relies to support its assertion that removal is proper. Therefore, this court will take both the January 30 and February 11 memoranda into consideration.

With this change, the court finds it necessary to reevaluate the magistrate judge's assessment of the timeliness of the defendant's removal petition. The federal removal statute requires that the defendant file a notice of removal within thirty days after the defendant's receipt of the filing from which it may first be ascertained that a case is one which has or has become removable. 28 U.S.C. § 1446(b). Rather than counting thirty days from the February 11 filing, the appropriate evaluation of timeliness should now run from the plaintiff's January 30 memorandum. Applying this adjustment, the defendant should have filed its removal petition by March 1, 2003. Although the court did not actually receive the defendant's removal petition until March 3, 2003, the defendant did attempt to file on Friday, February 28,

2003, but could not do so as the courthouse was closed due to the weather. The court will nonetheless accept the removal as timely filed based on the defendant's good faith attempt to file within the prescribed time frame.

### C.

The defendant, in its final objection, argues that the Magistrate Judge's report fails to recognize that the cases cited by the plaintiff are unilateral contract cases which, if applied to this case, would render the plaintiff's claim subject to ERISA. The defendant contends that permitting the plaintiff to characterize his claim in this manner effectively enables him to rely upon state law as a means of enforcing and awarding benefits under ERISA-governed plans. In response to this objection, the plaintiff represents that the theory behind his tortious interference claim has not changed since this court's first decision to remand, and that his citations to *Dulany Foods* and *Hercules Powder* raise no new legal theories. Consequently, the plaintiff argues that this court's prior decision concerning the defendant's first attempt to remove this case should be res judicata as to the second removal petition.

A state court defendant is not barred from bringing multiple petitions for removal. *In re Diet Drugs,* 282 F.3d 220, 2002 WL 276128 (3d Cir. Feb.26, 2002); *Benson v. SI Handling Sys., Inc.,* 188 F.3d 780, 782 (7th Cir.1999); *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492–93 (5th Cir.1996). The terms of the removal statute provide that a notice of removal may be filed within thirty days after a case becomes removable, suggesting that an unsuccessful earlier attempt to remove is not dispositive. 28 U.S.C. § 1446(b).[3] A de-

---

**3.** 28 U.S.C. § 1446(b) reads:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service

fendant's ability to pursue a valid second petition for removal is not limitless, however. A defendant who "fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal." *S.W.S. Erectors, Inc.*, 72 F.3d at 493 (citing *One Sylvan Rd. N. Assocs. v. Lark Intl., Ltd.*, 889 F.Supp. 60, 62–63 (D.Conn.1995)). If nothing of significance changes between the defendant's first and second attempts to remove the case, the prior remand order is the law of the case. *Benson*, 188 F.3d at 783.

■ Whether removal is proper or is barred by this court's previous decision to remand the case to state court depends on the court's interpretation of the plaintiff's references to *Dulany Foods* and *Hercules Powder* in his January 30 and February 11 memoranda. The defendant argues that the plaintiff's assertion in his January 30 memorandum that the employer wrongfully denied benefits gives rise to ERISA preemption. The January 30 memorandum reads as follows:

> Providing the Plans as a benefit of employment is an act by Comdial on which it induces its senior management employees to rely in continuing to work for Comdial. That inducement, and the reliance of the employees becomes a part of the contractual relationship. The Virginia Supreme Court has long recognized this principle since at least 1979 when it decided *Dulany Foods* ... Accordingly, *the wrongful act of an employer to deny benefits which were a part of the contractual employment re-*

*lationship must be actionable* (emphasis added).

Pl. Mem. Opp'n to Second Dem. at 7–8 (citations omitted). The plaintiff counters that he meant to assert only that the employer wrongfully caused the denial of benefits, as is more clearly presented in his February 11 memorandum

> Mr. Grover has not argued that there is a breach of either of the Plans. As far as we can tell at this point, the Plans have been administered appropriately. What was a part of Mr. Grover's employment contract was the right to be a participant in the Plans.... The establishment of the Plans and offering senior executives the right to be participants in the Plans operated as an inducement, and the reliance of the employees renders that right a part of the contractual relationship. That is precisely what was recognized by the Virginia Supreme Court in *Dulany Foods*.... *Accordingly, the wrongful act of an employer to cause the denial of such benefits must be actionable.*

Pl. Reply Mem. in Opp'n to Second Dem. at 2–4 (citations omitted and emphasis added).

Despite the defendant's attentive reading of the plaintiff's legal memoranda, this court finds it difficult to conclude that one sentence in the plaintiff's January 30 memorandum supports a determination that he now asserts a new legal theory. While the plaintiff is properly charged with less than cautious legal drafting, he nevertheless continues to assert his original claim—that Comdial is in breach of the terms of an

---

of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which it may first be ascertained that a case is one which has or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

employment contract, part of which entailed a promise to provide benefits to the extent that the employee complied with its terms. The plaintiff asserts a claim for contractual damages, not from the administrators of the employee benefits plans, but rather directly from the defendant. *See Pizlo v. Bethlehem Steel Corp.*, 884 F.2d 116, 120–21 (4th Cir.1989). This court has previously concluded that this distinction is dispositive of the question of removal. The merits of the plaintiff's contractual claims aside, they are not preempted by ERISA. *Grover*, 2002 WL 1066951, at *5. Accordingly, this court finds there is no new federal question presented to justify the defendant's second removal petition.

### III.

The court finds that subject matter jurisdiction is lacking in this case and therefore accepts the Report and Recommendation, with the modifications expressed in this opinion, and grants the plaintiff's motion to remand. The case shall be remanded to state court pursuant to 28 U.S.C. § 1447(c). An appropriate order shall this day issue.

### *ORDER*

For the reasons stated in the accompanying memorandum opinion, it is this day
ADJUDGED, ORDERED,
and DECREED
as follows:

1. Of the defendant's Objections to the Magistrate's Report and Recommendation, filed May 15, 2003, the second objection wherein the defendant objects to the Magistrate Judge's sole reliance on the plaintiff's February 11, 2003 memorandum, shall be, and hereby is, SUSTAINED;

2. The defendant's remaining Objections to the Magistrate's Report and Recommendation, filed May 15, 2003, shall be, and hereby are, OVERRULED;

3. The Magistrate Judge's Report and Recommendation, filed May 1, 2003, shall be, and hereby is, ADOPTED IN PART and MODIFIED IN PART;

4. The plaintiff's March 5, 2003 Motion to Remand shall be, and it hereby is GRANTED;

5. This action is hereby REMANDED for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the Circuit Court for the County of Albemarle;

6. The Clerk of the Court is instructed to transfer the entire case file to the Albemarle County Circuit Court and to strike this action from the docket of the court.

The Clerk of the Court hereby is directed to send a certified copy of this Order and the accompanying Memorandum Opinion to Magistrate Judge Crigler and to all counsel of record.