Ann **JOHNSON, et al., Plaintiffs,**

v.

**AMERICA ONLINE, INC., et al., Defendants.**

No. C 03–02656 RS.

United States District Court, N.D. California. San Jose Division.

Aug. 29, 2003.

Mark R. Thierman, San Francisco, CA, for Plaintiffs.

Charlotte Addington, San Francisco, CA, Randall L. Sarosdy, Washington, DC, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. Nos. 14, 48, 54)

SEEBORG, United States Magistrate Judge.

### I. INTRODUCTION

On June 26, 2003, plaintiffs filed a motion to remand the present action to Santa Clara Superior Court. Defendant America Online, Inc. ("AOL") filed an opposition brief, and plaintiffs filed a reply. The parties appeared for oral argument on August 20, 2003. The Court allowed the parties to submit post-hearing briefs related to the application of Cal. Labor Code § 1194.2 to the present dispute. Both parties submitted supplemental briefs on August 26, 2003. The Court has considered the record in this case, the briefs submitted and the arguments of counsel. For the reasons set forth below, plaintiffs' motion to remand is granted, defendant's motion for leave to file supplemental citation of authority is denied as moot, and plaintiffs' motion to strike is granted.

### II. BACKGROUND

Plaintiffs have filed suit challenging the compensation provided by AOL pursuant to its Community Leader program. Under that program, AOL users received free/discounted AOL service in exchange for performing a variety of functions, including: chat room and message board monitoring, website maintenance, technical support, and training and supervision of other Community Leaders. Plaintiffs maintain that they should be paid regular and overtime wages pursuant to the California Labor Code for engaging in these activities. Plaintiffs also seek waiting penalties, statutory interest on unpaid wages, and liquidated damages. In addition, plaintiffs allege unfair competition pursuant to Cal. Bus. & Prof.Code § 17200.

Plaintiffs originally filed a putative class action in Santa Clara Superior Court on October 22, 2001. On November 20, 2001, defendants removed the case to federal district court based on diversity jurisdiction, and plaintiffs filed a motion to remand. On March 21, 2002, Judge Whyte issued an order remanding the case to state court, ruling that defendants had not demonstrated by a preponderance of the evidence that the amount-in-controversy requirement had been fulfilled based on the damages asserted by the named plaintiffs. The remand order also rejected the argument that the amount-in-controversy requirement was satisfied under plaintiffs' Section 17200 claim. On May 1, 2002, plaintiff filed a First Amended Complaint ("FAC") stating that "the claims for each individual plaintiff and/or class member do not exceed $75,000 each, excluding interest, costs and attorney's fees." (Preamble to the FAC.) Between August 1, 2002 and October 21, 2002, discovery was placed on hold while settlement negotiations ensued.

More than one year after the FAC was filed, defendants deposed two of the named plaintiffs regarding their damages.[1] They testified regarding the hours they worked for which they seek compensation. An on-the-spot valuation by defendant's counsel seemed to reflect damages exceeding $75,000. Defendant asked plaintiffs Foster and Ball if they were limiting their claims, and both deponents stated that they were not. Based on this testimony, defendants re-removed the case to this Court on June 5, 2003, alleging diversity

jurisdiction under 28 U.S.C. § 1332.[2] Plaintiffs then filed the present motion to remand.

## III. STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## IV. ANALYSIS

Plaintiffs' remand motion is premised on three arguments, two procedural and one substantive. First, plaintiffs argue that this Court is without jurisdiction to reconsider or otherwise review the original remand order issued by Judge Whyte. Second, plaintiffs contend that defendant's removal is untimely under 28 U.S.C.

---

1. AOL took the deposition of named plaintiffs Jeffrey Foster on May 9, 2003 and David Ball on May 15, 2003.

2. The re-removed file was given a new case number and assigned to the undersigned. Although a notice of related case was filed, and that motion was still pending at the time of the hearing on the present motion, the assigned district judge in the initial case expressed no objection to referral of the subsequent case to a magistrate judge. At oral argument, the parties were asked whether they wished to proceed in this Court in light of the fact that they had consented to the jurisdiction of a magistrate judge. Both parties elected to have the motion heard consistent with their written consent to proceed before a magistrate judge.

§ 1446(b). Third, they argue that defendant is unable to demonstrate that the amount-in-controversy exceeds $75,000 for any named plaintiff. The Court finds that the present removal is barred procedurally by the operation of § 1446(b) and that defendant has failed to establish by a preponderance of the evidence the existence of the requisite amount-in-controversy.

## A. Jurisdiction to Review the Prior Remand Order

■ Plaintiffs contend that this Court must grant the present remand motion because to do otherwise would amount to a *de facto* review of Judge Whyte's previous order remanding this case to Santa Clara Superior Court. Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." Plaintiffs read this section categorically to prohibit successive remand motions regardless of the circumstances. However, such a rule does not represent the state of the law in the Ninth Circuit. *See Kirkbride v. Continental Casualty Co.*, 933 F.2d 729, 732 (9th Cir.1991) ("A defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (citation and internal quotations omitted). While it is true that 28 U.S.C. § 1447(d) would bar review of a second removal petition that was *identical* to the original removal petition, such a circumstance is not presented here. Rather, defendant alleges that subsequent events in the litigation have shed light on the amount-in-controversy in a manner that was not apparent at the time of the original removal. To the extent that defendant argues that changed circumstances have made the basis for removal recently apparent, the present notice of removal does not run afoul of § 1447(d).

## B. Timeliness under 28 U.S.C. § 1446(b)

Section 1446(b) governs timing for the removal of a complaint:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Plaintiffs argue that the one-year deadline contained in the second paragraph of § 1446(b) precludes removal. Defendant maintains that the case set forth in the initial pleading in this matter was in fact removable and that the one-year deadline is thus not applicable. In the alternative, defendant argues that if the one-year deadline applies, then plaintiff should be equitably estopped from asserting this bar.

■ Under Ninth Circuit law, the one-year deadline does not apply when the case as described in the initial pleading is removable. In *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir.1998), plaintiff filed his complaint in state court in January, 1994, and then waited until De-

cember, 1995 to provide notice to the defendant. In January, 1996, defendant removed the case to federal court, arguing that two named co-defendants were in fact sham defendants and that complete diversity existed. The district judge agreed with defendants and denied the motion to remand. Plaintiff appealed, arguing that the one-year deadline contained in § 1446(b) precluded removal. The Ninth Circuit affirmed, holding: "The first paragraph of § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception." *Id.* at 1316.

Under *Ritchey*, the question of whether the one-year deadline applies in the present case thus turns on whether the case stated by plaintiff's initial pleading was removable. Pursuant to Judge Whyte's March 21, 2002 Order, the case set forth in the original complaint in this action was non-removable as a matter of law. When a party removes a case alleging diversity not based on the initial pleading, the second paragraph of § 1446(b)—including its 30 day removal requirement and one-year deadline—applies.[3] Here, defendant does not rest simply on the original pleading to support its amount-in-controversy argu-

ment, but rather it presents newly obtained deposition testimony. To the extent that this case is currently removable, it was made so by subsequent events in the litigation. It cannot be said that the case has been subject to removal since the day it was filed in state court on October 22, 2001.[4] Such a proposition would contradict Judge Whyte's earlier order and end run the non-appealability dictates of 28 U.S.C. § 1447(d). Rather, the initial pleading has been adjudicated not removable, and any re-removal is subject to the one-year deadline. The present notice of removal was filed on June 6, 2003, well after the one-year deadline.

While the Ninth Circuit has not addressed directly the precise question presented here, the Seventh Circuit has ruled that when a complaint is remanded for defendant's failure to demonstrate the amount-in-controversy and then re-removed based on newly discovered facts related to the amount-in-controversy, re-removal must take place within one year. In *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 781 (7th Cir.1999), defendant removed a state court complaint and the district judge remanded the case because the papers did not establish that the amount-in-controversy exceeded $75,000. After returning to state court, defendants discovered that the amount-in-controversy in fact exceeded the jurisdictional minimum and then removed for a second time.

---

**3.** *See* Schwarzer, Tashima, & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* § 2D–162, 2:936.3 ("Most courts hold the one-year limit on diversity removal applies only where developments in a *non-removable case* render it removable") (e.g., settlement with nondiverse defendant or amending the prayer to seek more than $75,000); *Zogbi v. Federated Dep't Store,* 767 F.Supp. 1037 (C.D.Cal.1991) ("Thus, the court finds that the one year limitation in section 1446(b) only applies to cases removed on the basis of something other than the initial pleading.").

**4.** Defendant argues that the "case" has been removable from the outset and that "the second removal is due entirely to Plaintiff's misrepresentations to the court at the time of the initial removal." (Def.'s Opp'n to Pl.'s Mot. to Remand, at 13–14.) The triggering language of the second paragraph of § 1446(b), however, turns on whether the "case stated by the initial pleading is not removable." When making this determination, the Court does not attempt to divine how much plaintiff may actually recover at the conclusion of the litigation but instead focuses upon the case as stated by the initial pleading.

*Id.* Because the second removal occurred within one-year of the original filing, it was not time barred by § 1446(b): "A premature removal may lead to a perfectly justified remand; but when matters change—for example, by dismissal of a party whose presence spoiled complete diversity of citizenship, or by a disclosure that the stakes exceed the jurisdictional amount—the case may be removed, provided only that it is less than one year old." *Id.* at 782–83.

■ To support the proposition that the one-year deadline does not apply to the present case, defendant relies on *Gibson v. Chrysler*, 261 F.3d 927 (9th Cir.2001). In *Gibson,* defendant removed three similar complaints to federal court on diversity grounds. Once in federal court, defendant sought discovery related to the amount-in-controversy. The district judge refused to allow discovery on the issue and remanded the cases to state court because defendant had not demonstrated that the amount-in-controversy requirement had been fulfilled. After remand, plaintiffs consolidated their actions and filed a single first amended complaint. Defendant removed the case for a second time. The *Gibson* court summarized the facts surrounding defendant's re-removal as follows: "Believing that it faced a one-year deadline for removal of the case under 28 U.S.C. § 1446(b), Chrysler filed a second notice of removal on March 5, 1999, one day before the deadline would take effect." *Id.* at 932. After this sentence, the text contains a footnote citing to *Ritchey:* "We have held that the one-year deadline of 28 U.S.C. § 1446(b) for removing diversity cases applies only to cases in which there is no basis for diversity jurisdiction when the case is filed in state court. If there is a basis for diversity jurisdiction at the time of filing, there is no deadline." *Id.* This passage, however, cannot be read for the proposition that the Ninth Circuit has ruled that the one-year deadline of § 1446(b) is inapplicable when a plaintiff prevails on a remand motion and a defendant subsequently re-removes based on facts learned or testimony secured after the original remand. If anything, it simply restates in dicta the general operation of that code section.

■ Defendant also argues that even if the one-year deadline is applicable here, plaintiffs should be estopped from invoking it because their initial remand motion was not made in good faith. Defendants argue that plaintiffs' initial calculations regarding the damages sought were simply estimates conjured up to defeat diversity jurisdiction and that plaintiff subsequently sought compensation for "off-line" time in state court after remand even though "off-line" hours were excluded from damages in briefing related to the initial remand motion.

As an initial matter, defendant has not cited any Ninth Circuit authority for the proposition that equitable estoppel is an available defense to the one-year deadline. Even if it were, defendant's estoppel argument is not persuasive. Defendant bore the burden when initially removing the case of demonstrating by a preponderance of the evidence that subject matter jurisdiction exists notwithstanding plaintiffs' characterization of the damages sought. To the extent that a defendant feels that a plaintiff has not been forthright about his damages theory in a remand motion, the recourse for that defendant is not a never-ending right to remove, but rather a defendant should promptly conduct discovery upon remand in order to establish the amount-in-controversy within one year of the commencement of the action.

## C. Amount-in-controversy

■ "A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is sat-

isfied." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir.2001). "The removal statute is strictly construed against removal and any doubt must be resolved in favor of remand." *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988). When determining the amount-in-controversy, the Court looks to "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount-in-controversy at the time of removal." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The record before the Court related to the amount-in-controversy is mired in doubt. Defendant's calculations are a moving target based on guestimate, supposition and evolving theories related to the amount-in-controversy.

### 1. Named Plaintiff David Ball

Defendant's notice of removal stated that named plaintiff Ball testified at his deposition that he volunteered 80 hours per week from June 15, 2000 until December 31, 2001, and that he worked 40 hours per week in January, 2002. Defendant maintained that these hours translate into wages owing of $49,680. Defendant doubled this number based on liquidated damages and arrived at a total of $99,360. Defendant claimed that with the addition of attorney's fees, interest, and wages earned prior to June 15, 2000, the amount-in-controversy with respect to Ball exceeded $100,000.

At the hearing on the present motion, plaintiffs' counsel pointed out that defendant's calculations were flawed because they assumed that liquidated damages could be awarded for improperly withheld overtime wages. In fact, Cal. Labor Code § 1194.2 provides that "[n]othing in this subdivision shall be construed to authorize

the recovery of liquidated damages for failure to pay overtime compensation." In a supplemental filing, defendant submitted a recalculation based on Labor Code § 1194.2 which stated that Ball's damages based on regular wages, overtime wages, liquidated damages and waiting penalties totaled $73,200.[5] Defendant argues that the $75,000 amount-in-controversy amount is fulfilled by adding attorney's fees and double time to this figure.

■ "Typically, attorney's fees are not considered part of the amount-in-controversy for diversity purposes. However, where an underlying statute ... authorizes an award of attorney's fees, such fees may be included in calculating the amount-in-controversy." *Brady v. Mercedes–Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010 (N.D.Cal.2002) (citations omitted). In this instance, Labor Code § 1194(a) authorizes reasonable attorney's fees in an action brought by an "employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee ...." The parties do not dispute that some amount of attorney's fees should be added to the amount-in-controversy for each named plaintiff.

■ In the putative class action context, however, expected attorney's fees are apportioned to each class member and not simply attributed to the named plaintiffs. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir.2001) ("We therefore hold that under California law, attorneys' fees are not awarded solely to the named plaintiffs in a class action, and that they therefore cannot be allocated solely to those plaintiffs for purposes of amount-in-controversy."); *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 858 (9th Cir.2001) ("As we did in *Gibson*, we hold here that any po-

**5.** Plaintiffs contend that Ball's claim is worth $66,375. Without deciding the issue, the Court assumes for present purposes that defendant's number, $73,200, accurately reflects Ball's claim.

tential attorneys' fees award in this class action cannot be attributed solely to the named plaintiffs for purposes of amount-in-controversy."). Defendant does not make any effort to set forth the value of attorney's fees that it expects plaintiffs will incur in this matter. Further, defendant does not provide the Court with any admissible evidence regarding the size of the putative class. While it is obvious that *some* attorney's fees should be added to Ball's claim, the record presented by defendant does not support any specific amount. The Court will not speculate on this amount in order to take jurisdiction of the present action.

▮▮▮ Defendant also argues that "additional overtime" should be added when valuing Ball's claim. Under Cal. Labor Code § 510, an employee is entitled to double time for "any work in excess of 12 hours in one day" and "any work in excess of eight hours on any seventh day of a workweek." Defendant speculates that Ball must be entitled to some double time because he claimed that he worked 80 hour weeks from June 15, 2000 until December 21, 2001. Defendant states that double time should be factored in even though it is "difficult to quantify precisely." As with the attorney's fees claim, defendant has failed to demonstrate any particular amount or range of amounts of double time that should be included for amount-in-controversy purposes.

In addition to the evidentiary shortcomings of the attorney's fees and double time claims, defendant did not include these specific arguments in its removal petition or in opposition to plaintiff's motion to remand. The Court ordered supplemental briefing as to whether the Labor Code section cited by plaintiffs affected defendant's liquidated damages analysis. The

Court was not inviting an entirely new damages theory in the event that an amendment to the liquidated damages calculation meant that the jurisdictional minimum was not fulfilled.[6]

Defendant has failed to make a showing that Ball's claim exceeds $75,000. While it may well be true that his claim (including regular wages, overtime wages, liquidated damages, waiting penalties, double time, and a portion of attorney's fees) will ultimately exceed $75,000, defendant has not met its burden to demonstrate this fact by a preponderance of the evidence. Defendant initially claimed that the regular wages, overtime wages and liquidated damages "unambiguously" showed that the amount-in-controversy had been met. When confronted with Cal. Labor Code § 1194.2, defendant was forced to change substantially its theory regarding the value of the claim asserted. In making these revisions, defendant has created significant doubt whether the amount-in-controversy exceeds $75,000. In such a circumstance, remand is appropriate. *Boggs,* 863 F.2d at 663.

### 2. Named Plaintiff Jeffrey Foster

In its notice of removal, defendant claimed that Foster's deposition testimony revealed that he is claiming $43,010 in back wages for the time he spent volunteering under the Community Leader program. In addition, defendant claimed that liquidated damages under the California Labor Code entitled Foster to an additional $36,432, for a grand total of $79,442. In a recalculation of Foster's claim based on Labor Code § 1194.2, defendant claimed that Foster's total claim equals $60,928.44. With the addition of attorney's fees, defendant claims that the amount-in-controversy

---

**6.** The parties specifically were instructed to file a supplemental brief regarding the "pure calculation issue of how the statute reads and

to what you apply liquidated damages ...." Hearing Transcript, at 50.

is fulfilled. As addressed above, defendant has not demonstrated that any particular amount of attorney's fees should be attributed to Foster's claim. Therefore, defendant has failed to demonstrate by a preponderance of the evidence that the amount-in-controversy is fulfilled with respect to Foster.

### D. Defendant's Motion for Leave to File Supplemental Citation of Authority

On July 29, 2003, defendant filed its opposition to plaintiff's remand motion, and on August 6, 2003, plaintiffs filed their reply. On August 18, 2003, two days before the hearing on this matter, defendant filed a motion for leave to file supplemental citation of authority in support of its opposition. The cases contained in the supplemental citation were decided between 1993 and 2002, and concerned the effect of an allegation or stipulation on behalf of a plaintiff regarding the amount-in-controversy. Because the present order need not address the binding effect of plaintiffs' complaint allegations limiting their damages to under $75,000, the Court denies leave to file supplemental authority as moot.

### E. Plaintiff's Motion to Strike and for Sanctions

In supplemental briefing related to Labor Code § 1194.2, defendant attached a copy of plaintiffs' mediation brief submitted in connection with a private mediation held on December 16, 2002. At Exhibit D to the supplemental brief, defendant relies on information contained in the mediation brief to calculate the estimated attorney fee's attributed to each class member. Because plaintiff's mediation brief was originally submitted under a confidentiality agreement and because mediation communications are confidential under California state law, plaintiffs now move to strike portions of defendant's supplemental brief that contained reference to their mediation brief. The agreement signed by the parties related to the December, 2002 mediation specifically stated that "no aspect of the mediation shall be relied upon or introduced as evidence in any ... judicial ... proceeding." Accordingly, the Court grants plaintiff's motion to strike. The Court will not consider Attachments C and D to defendant's supplemental brief or any reference made by defendants to those exhibits.

## V. CONCLUSION

Pursuant to Section 1446(b), Congress requires diligence on the part of a defendant once it is served with a complaint potentially giving rise to federal diversity jurisdiction. If the complaint is initially removable, the defendant must remove within 30 days. If subsequent events reveal the existence of a diversity jurisdiction after the complaint has been served, a defendant must remove within 30 days after it has ascertained the basis for removal. In addition, such removal must take place within one year of the commencement of the action. The plain language of the statute precludes review of the present removal notice because it was filed more than one year after the case was originally filed. Additionally, defendant has failed to demonstrate by a preponderance of the evidence that the $75,000 amount-in-controversy requirement has been fulfilled for any named plaintiff.

Accordingly, it is, hereby,

ORDERED:

(1) Plaintiffs' Motion to Remand is GRANTED;

(2) Defendant's Motion for Leave to File Supplemental Citation is DENIED as moot;

(3) Plaintiff's Motion to Strike is GRANTED.

IT IS SO ORDERED.