In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-3670

GLEN HOLMSTROM, derivatively on
behalf of OFFICEMAX, INCORPORATED,

*Plaintiff-Appellee*,

*v.*

GARY PETERSON,

*Defendant-Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 2714—**Marvin E. Aspen,** *Judge*.

———————

ARGUED FEBRUARY 14, 2006—DECIDED JULY 3, 2007

———————

Before BAUER, RIPPLE and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge*.  Glen Holmstrom, a citizen of New Jersey, brought this shareholder derivative action in Illinois state court against officers and directors of OfficeMax, Incorporated. The suit was removed to federal court by one of those directors, Gary Peterson, an Ohio citizen, based on diversity of citizenship. Mr. Holmstrom then moved to remand the case to state court. The district court granted the motion to remand, and Mr. Peterson appealed the district court's decision. For the reasons set forth in this

opinion, we dismiss the appeal for lack of appellate jurisdiction.

# I

## BACKGROUND

After Mr. Holmstrom brought this shareholder derivative action in Illinois state court, Mr. Peterson removed the action to the United States District Court for the Northern District of Illinois on the basis of diversity of citizenship. Now in district court, Mr. Holmstrom moved to remand the case because the complaint also named an Illinois citizen as a defendant, and, thus, removal was barred by the forum defendant rule. *See* 28 U.S.C. § 1441(b). Mr. Peterson contended, however, that § 1441(b) only precluded removal when a resident of the forum state actually is joined and served as a defendant at the time of removal. Here, at the time Mr. Peterson removed the case, the Illinois citizen had not been properly joined and served.

The district court recognized that the language of § 1441(b) only prohibits removal in diversity cases when one of the "parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." *Id.* (emphasis added). Thus, literally applied, the forum defendant rule, as embodied in § 1441(b), would not preclude Mr. Peterson's removal because, at the time he removed the case, no Illinois defendant had been joined and served. However, the district court concluded that the reason for limiting the forum defendant rule to situations where a citizen of the forum state is properly joined and served is to ensure that parties do not name citizens of the forum state solely for the purpose of preventing removal, without any intention of effecting ser-

vice on the forum-state defendant. Because there was no indication that Mr. Holmstrom had named the Illinois defendant in his complaint only to prevent removal, the district court held that literal application of the forum defendant rule in this case would defeat the purpose of the statute. The district court, therefore, granted Mr. Holmstrom's motion to remand. Mr. Peterson appealed.

## II

## DISCUSSION

Mr. Peterson asserts that the district court erred when it determined that the forum defendant rule barred removal of this case even though, at the time of removal, no citizen of the forum state properly had been joined and served in this action. Mr. Peterson claims that the district court's application conflicts with the plain language of § 1441(b) and constitutes an impermissible, judicially crafted exception to the forum defendant rule. However, before we may proceed to the merits of Mr. Peterson's appeal, we must determine whether we have appellate jurisdiction.

Section 1447(d) of Title 28 of the United States Code[1]

---

[1] Section 1447 reads:

>    (a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

>    (b) It may require the removing party to file with its clerk copies of all records and proceedings in such State court or

(continued...)

prohibits review of a district court's order remanding a case to state court subject only to one exception not relevant here. 28 U.S.C. § 1447(d) ("An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise . . . ."). Although the language of the statute appears absolute, the Supreme Court held in *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976), that § 1447(d) must be read *in pari materia* with § 1447(c). *Id.* at 345-46. Thus, the review prohibition

---

[1] (...continued)

may cause the same to be brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447.

is limited to remand orders based on those grounds specified in § 1447(c). *Id.* The two grounds specified in § 1447(c) are: (1) any defect other than lack of subject matter jurisdiction and (2) lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). Because failure to comply with § 1441(b)'s forum defendant rule does not result in a lack of subject matter jurisdiction, *see Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000), the issue before this court is whether failure to satisfy the forum defendant rule constitutes a defect other than lack of subject matter jurisdiction for purposes of § 1447(c). If it does, 28 U.S.C. § 1447(d) bars appellate review of a remand order based on such a failure.

## A.  History of § 1447(c)[2]

As set forth above, § 1447(c) provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The language of § 1447(c), however, has changed several times over the years, and the courts' current interpretation of § 1447(c) reflects this history.

At the time the Supreme Court decided *Thermtron Products*, § 1447(c) read in pertinent part:

---

[2]  The history of this section also is set forth in *Powerex Corp. v. Reliant Energy Services, Inc.*, No. 05-85, slip op. at 3-7 (U.S. June 18, 2007).

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

*Thermtron Prods.*, 423 U.S. at 342. Although this version of § 1447(c) spoke in terms of "improvident" removal, it was construed by the courts to mean removals that were defective in terms of the statutory conditions that Congress had placed on removal. A removal was improvident if there was a "legal defect in the removal." *Sheet Metal Workers Int'l Ass'n v. Seay*, 693 F.2d 1000, 1005 (10th Cir. 1982). As this court explained, it was "logical and reasonable to interpret the term to mean noncompliance with Congress' specific and detailed statutory provisions." *Rothner v. City of Chicago*, 879 F.2d 1402, 1411 (7th Cir. 1989). On the other hand, removal and remand orders based on doctrines such as forum non conveniens, abstention or supplemental jurisdiction were held to be outside of § 1447(d)'s prohibition because they were not tied to the statutory criteria for removal. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1255 (11th Cir. 1999).

Section 1447(c) was amended in 1988. The new language provided:

> A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c) (1994). The 1988 amendments sought to confirm the courts' narrow reading of § 1447(c) by replacing the term "improvidently" with "defect in the removal

procedure." Thus, under this version, courts uniformly continued to consider remands based on forum selection clauses, abstention and supplemental jurisdiction to be beyond the statute's ambit. *See Snapper*, 171 F.3d at 1256-57. However, the primary importance of the 1988 amendment lay in the establishment of a time limit for bringing nonjurisdictional motions to remand, not in defining the breadth of remand decisions falling within the scope of § 1447(c). *See Snapper*, 171 F.3d at 1256 n.13.

As noted by the Eleventh Circuit, "[a]lthough the 1988 language of § 1447(c) worked well in the contexts of forum selection clauses, abstention, and supplemental jurisdiction, the language proved more troublesome for the courts in another context," specifically, application of the forum defendant rule. *Id.* at 1257. Some courts believed that failure to comply with the forum defendant rule was substantive in nature. However, "[r]ecognizing that it would make little sense to exempt such a remand from the 30-day time limit of § 1447(c), most courts held that the 30-day time limit of § 1447(c) did apply." *Id.* at 1258. Other courts, however, refused to follow this path, resulting in a conflict among the circuits. "It is in this context," the Eleventh Circuit explains, that the next amendment to § 1447(c) "must be understood." *Id.*

The statute was amended in 1996 to produce the current version:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). The committee report accompanying the 1996 amendments to § 1447(c) noted that the intent of the 1988 amendment to § 1447(c) "was to impose a 30-day limit on all motions to remand except in those cases where the court lacks subject matter jurisdiction." H.R. Rep. No. 104-799, at 2 (1996). The report noted that the wording of the 1988 amendment had not expressed this intent clearly enough, and that the lack of clarity had led to different interpretations by different courts. *Id.* Presumably the lack of clarity to which the report referred was the phrase "defect in removal procedure," as that was the only language removed by the 1996 amendment. Thus, it would appear that the 1996 amendment was designed to ensure that all remand motions based on defects other than lack of subject matter jurisdiction were made within 30 days to ensure judicial efficiency. Indeed, "[t]he revised language would seem to address neatly the issue that had concerned courts under the 1988 version, suggesting that a removal in violation of § 1441(b) is subject to the 30-day time limit." *Snapper*, 171 F.3d at 1258.

Although the language of § 1447(c) has been amended, the history does not reflect fundamental changes in congressional views concerning which remand orders should be subject to appellate review. Instead, the history reflects a congressional fine-tuning of § 1447(c) in an attempt to identify motions to remand that are grounded in the precise directions that Congress has placed in the Judicial Code to govern removal, i.e., the "legal requisites" for removal, *see Snapper*, 171 F.3d at 1253, from remand orders based on situations completely divorced, both conceptually and practically, from the considerations that control the removal procedure.

**B.  Reviewability of Orders Involving the Forum Defendant Rule**

The question, therefore, becomes whether failure to comply with the forum defendant rule set forth in § 1441(b) is a "defect other than subject matter jurisdiction," as that term has come to be understood, subject to the review prohibition of § 1447(d). We believe that failure to comply with the forum defendant rule is, indeed, a defect in the removal that bars this court's review.

As noted above, the legislative history of § 1447(c) suggests that the substitution of "defect other than subject matter jurisdiction" for "defect in removal procedure" was meant to address the reticence of some courts to include the forum defendant rule within § 1447(c)'s coverage. Furthermore, even prior to the 1996 amendments, most of the courts had resolved that the forum defendant rule was, in fact, subject to the 30-day time limit of § 1447(c). *See Snapper*, 171 F.3d at 1258 (collecting cases).

In *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377 (7th Cir. 2000), this court addressed a similar question—whether compliance with the forum defendant rule is jurisdictional, such that the defect could be raised at any time, or whether compliance was nonjurisdictional and therefore subject to waiver. After reviewing the approaches of other courts, this court concluded: "In short, the case as it arrived in federal court met every requirement for federal jurisdiction: it simply took the wrong path, in a sense, because there was an in-state defendant. This, we think, is *more a matter of removal procedure*, and hence waivable, than a matter of jurisdiction." *Id.* at 380 (empha-

sis added).[3]

As noted above, *Hurley* is in line with the majority of other circuits. Interpreting the 1988 version of § 1447(c), the Fifth Circuit explained in *In re Shell Oil Co.*, 932 F.2d 1518 (5th Cir. 1991), the term "defect in removal procedure," in connection with § 1447(c)'s 30-day time limit for motions to remand, was intended to distinguish those grounds for remand based on defects present at the time of removal from those that may arise later in the litigation. *See id.* at 1521 (discussing David D. Siegel, *Commentary on 1988 Revision of Section 1447*, 28 U.S.C.A. § 1447 (West Cum. Supp. 1991)). The court noted that, by focusing on defects

---

[3] One decision of this court, *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir. 1999), suggested in passing that defects referenced in § 1447(c) were those set forth in § 1446. *See id.* at 782 ("[T]he Court deems § 1447(d) linked to § 1447(c), which authorizes remands for lack of jurisdiction and defects in removal procedure (as § 1446 defines those procedural requirements)."). However, before this court in *Bensen* was the threshold question whether the district court's order, which remanded on the basis that the attempted removal was successive, was subject to the bar of § 1447(d). In determining whether a successive removal fell within one of the categories of removals for which § 1447(d) bars review, the court did not limit its inquiry into the procedural dictates of § 1446, but explored the requirements set forth for removal as found within the Judicial Code: "Neither § 1447(c) nor anything else in the sections of the Judicial Code devoted to removal forbids successive removals. The rule against them—if there is such a rule—is an extra-statutory judicial invention, and thus subject to the appellate process." *Id.* Consequently, nothing in *Bensen* suggests a narrow definition of "defect" that would exclude the forum defendant rule.

that existed at the time of removal, § 1447(c)'s 30-day time limit was intended to "prevent a party who is aware of a defect in removal procedure from using the defect as insurance against later unfavorable developments in federal court." *In re Shell Oil Co.*, 932 F.2d at 1522 (quoting 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3739, at 95 (2d ed. Supp. 1990)) (internal quotation marks omitted). In that light, the Fifth Circuit concluded that the term "defect in removal procedure" referred to "all non-jurisdictional defects existing at the time of removal," including failure to comply with the forum defendant rule. *In re Shell Oil Co.*, 932 F.2d at 1522-23.

The Third Circuit adopted this reasoning in *Korea Exchange Bank, New York Branch v. Trackwise Sales Corp.*, 66 F.3d 46 (3d Cir. 1995), when it held that the forum defendant rule was a procedural requirement subject to § 1447(c)'s 30-day time limit. *Id.* at 50-51. In all, nine of the ten circuits (including the Third and Fifth Circuits) that have considered the matter have reached the same conclusion. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 & 942 (9th Cir. 2006) (collecting cases).

Thus, failure to comply with the forum defendant rule is a defect in removal subject to § 1447(d)'s jurisdictional bar.

## C.  The District Court's Decision

Mr. Peterson attempts to avoid § 1447(d)'s jurisdictional bar by asserting that the district court actually did not apply § 1441(b), but rather applied a judicially crafted exception to it. We cannot accept his reasoning. The district court's handling of the unique situation of lack of service

on *all* defendants, including the resident defendant, whether correct or erroneous, is simply an interpretation of § 1441(b). Any remand order falling within the scope of § 1447(c) lies outside our jurisdiction, regardless of the correctness of the district court's reasoning. *See Kircher v. Putnam Funds Trust*, 547 U.S. \_\_\_, 126 S. Ct. 2145, 2153 (2006); *Thermtron*, 423 U.S. at 351; *Cook v. Wikler*, 320 F.3d 431, 435 (3d Cir. 2003); *In re Cont'l Cas. Co.*, 29 F.3d 292, 293 (7th Cir. 1994); *Rothner*, 879 F.2d at 1407. Where jurisdiction is lacking, this court is not at liberty to recharacterize the basis of the district court's judgment in the interest of correcting a perceived error in statutory interpretation. *See Kircher*, 126 S. Ct. at 2158 (Scalia, J., concurring); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, No. 05-85, slip op. at 9 (U.S. June 18, 2007) (holding that review of a district court's characterization of the basis of its remand order "should be limited to confirming that that characterization was colorable").

Furthermore, the district court's ruling in this case is not an "extra-statutory judicial invention" of the sort we recognized in *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780 (7th Cir. 1999). In *Benson*, the district court had not interpreted a statute but had applied a judicial rule not found anywhere in Congress' carefully crafted statutory scheme. Specifically, the district court had concluded that successive removal of cases was impermissible even though all other requirements for removal had been met, i.e., other than being successive, there was no defect at the time of removal. We noted that because nothing "in the sections of the Judicial Code related to removal forbids successive removal," any such rule necessarily was "an extra-statutory judicial invention, and thus subject to appellate review." *Id.* at 782. Such is not the case here. One

need look no further than § 1441(b) to discover that the forum defendant rule forbids removal when a properly joined and served party is a citizen of the forum state. The district court's application of that rule in this case is simply a judicial gloss on the statute, akin to a finding of substantial compliance with a statutory mandate.

The approach urged by Mr. Peterson is unsound for other reasons. First, the Supreme Court recently noted that appellate review of a remand order based on a district court's erroneous construction of even a jurisdictional statute is available "[o]nly in the extraordinary case." *Osborn v. Haley*, 127 S. Ct. 881, 895-96 (2007). According to Mr. Peterson's reasoning, a clever litigant, interested in obtaining appellate review of an unfavorable remand order, need only recast an alleged error in applying the removal and remand provisions of the Judicial Code as a "judicially crafted exception to the statute." This result "collide[s] head on with § 1447(d)" by allowing routine review of remand orders. *Id.* at 895-96.

Mr. Peterson's approach also runs contrary to the very purpose of § 1447(d). The statute expresses the policy of Congress to prevent delay in the trial of remanded cases by protracted litigation about jurisdictional issues or other defects in the removal process by immunizing remand orders "issued on the grounds specified in § 1447(c)" from appellate review. *Thermtron*, 423 U.S. at 351. Inviting appellate review of remand orders based on a judicial gloss on the removal statutes in the guise of a "judicially crafted exception to the statute" would frustrate that policy.

No less important, such a rule would be at odds with the principle that jurisdictional rules—including appellate

jurisdictional rules—should be clear. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 621 (2002). Just when a district court's application of a statute slips from being an allegedly erroneous remand decision, for which we have no jurisdiction to review, *see Kircher*, 126 S. Ct. at 2153, to a "judicially crafted exception to the statute" is unclear. Whatever the virtues of an approach like the one Mr. Peterson urges us to adopt, it lacks the certainty that appellate jurisdictional rules should embody.

### Conclusion

For these reasons, we conclude that this court lacks jurisdiction over Mr. Peterson's appeal. The appeal is dismissed for lack of appellate jurisdiction.

APPEAL DISMISSED

A true Copy:

Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*