Nancy PIERPOINT, et al.

v.

Brian A. BARNES, Administrator of
the Estate of David L. Pierpoint.

Civ. No. 3:95CV572 (PCD).

United States District Court,
D. Connecticut.

June 28, 1995.

Garrett M. Moore, Moore & O'Brien, Cheshire, CT, for plaintiffs.

Steven E. Arnold, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for defendant.

*RULING ON MOTION TO REMAND*

DORSEY, Chief Judge.

Defendant removed this action and asserted that plaintiffs' claims arise under the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.* Plaintiffs move to remand pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Plaintiffs allege that the action is not a claim arising under the Death on the High Seas Act and that, even if it is, the case is not properly removable.

## I. *BACKGROUND*

David Pierpoint's Piper Aerostar crashed 37 miles southeast of Sea Isle, New Jersey. Plaintiffs allege that the crash, which killed all those on board, resulted from Pierpoint's negligence.

## II. DISCUSSION

### A. Death on the High Seas Act as the Exclusive Remedy

The Death on the High Seas Act (DOHSA) provides the exclusive remedy for wrongful death on the high seas. State courts have concurrent jurisdiction over DOHSA cases. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 232, 106 S.Ct. 2485, 2499, 91 L.Ed.2d 174 (1986); *See also Favaloro v. S/S Golden Gate,* 687 F.Supp. 475, 478 (N.D.Cal.1987) "DOHSA preemption of wrongful death actions is complete." *Id.* The location alone of an airplane crash more than one marine league from shore gives rise to admiralty jurisdiction for DOHSA purposes. *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 263–264, 93 S.Ct. 493, 502, 34 L.Ed.2d 454 (1972).

Where federal law provides an exclusive remedy for an injury and plaintiffs plead that injury, plaintiffs' pleading will be presumed to allege the federal law. *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1075 (7th Cir.1992) (where federal law is pre-emptive, invoking state law is like a "spelling error" and should be corrected by the court).

The complaint alleges that Pierpoint's plane crashed more than one marine league from shore. Thus, DOHSA is plaintiffs' exclusive remedy, and the complaint is deemed to assert a DOHSA claim.

### B. Removability of DOHSA Cases

Cases which lack diversity of parties and which arise under admiralty laws are not removable from a state court exercising its concurrent jurisdiction over admiralty claims. *Benedict on Admiralty,* 8–6 § 122 (7th ed. Supp.1995); *cf. Romero v. International Terminal Operating Co.,* 358 U.S. 354, 371–372, 79 S.Ct. 468, 479–480, 3 L.Ed.2d 368 (1959). A few courts have held otherwise. *See Phillips v. Offshore Logistics,* 785 F.Supp. 1241, 1242 (S.D.Tex.1992) (reasoning that if concurrent state jurisdiction exists under DOHSA, the cause of action must be a federal question and removable). However, concurrent state jurisdiction over admiralty cases contradicts removability. A case arising under the Jones Act, 46 U.S.C. § 688, which provides a statutory remedy for a seaman's wrongful death, can be brought in state or federal court. *Engel v. Davenport,* 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926). Yet Jones Act cases are not removable on the basis that they arise exclusively under admiralty law. *Azzopardi v. Ocean Drilling & Exploration Co.,* 742 F.2d 890 (5th Cir.1984).

DOHSA cases arise exclusively in admiralty. "Since DOHSA merely authorizes an admiralty action, a party proceeding under DOHSA must allege a theory of recovery cognizable by a court sitting in admiralty jurisdiction." *Best v. Honeywell, Inc.,* 491 F.Supp. 269, 270 (D.Conn.1980). Moreover, no federal court has held that DOHSA or other admiralty laws generate *both* federal question jurisdiction and admiralty jurisdiction.

The present case arises under DOHSA and not, therefore, under the "Constitution, treaties or laws of the United States" for the purposes of 28 U.S.C. § 1441(b). Since there is no diversity of parties, the district court may not exercise jurisdiction under 1441(b) and remand is necessary.

## III. CONCLUSION:

Accordingly, plaintiff's motion to remand (doc. # 4) is granted.

SO ORDERED.