360 F.3d 1216
 In re STONE CONTAINER CORPORATION; Jefferson Smurfit Corporation; Smurfit-Stone Container Corporation; International Paper Company; Georgia Pacific Corporation; Weyerhaeuser Paper Company; Temple-Inland Inc.; Gaylord Container Corporation; Union Camp Corporation; Tenneco Inc.; Tenneco Packaging Corporation of America; Packaging Corporation of America, Petitioners.
Farmland National Beef Packing Company, L.P., Plaintiff-Appellee,
v.
Stone Container Corporation; Jefferson Smurfit Corporation; Smurfit-Stone Container Corporation; International Paper Company; Georgia Pacific Corporation; Weyerhaeuser Paper Company; Temple-Inland Inc.; Gaylord Container; Union Camp Corporation;
Tenneco Inc.; Tenneco Packaging Corporation of America; Packaging Corporation of America, Defendants-Appellants.
 No. 04-3015.
 No. 04-3028.
 United States Court of Appeals, Tenth Circuit.
 March 2, 2004.
 
 Daniel H. Diepenbrock, Miller & Diepenbrock, Liberal, KS, R. Mark McCareins, Winston & Strawn, Steven C. Seeger, Daniel B. Schink, Kirkland & Ellis LLP, Chicago, IL, Christopher Landau, Douglas J. Kurtenbach, Kirkland & Ellis, Washington, DC, James A. Walker, Triplett, Woolf & Garretson, Lee Thompson, Thompson, Stout & Goering, Wichita, KS, Daniel B. Huyett, Stevens & Lee, Reading, PA, Edward M. Posner, Drinker, Biddle & Reath, LLP, Richard C. Rizzo, Dechert LLP, Philadelphia, PA, J. Nick Badgerow, Spencer, Fane, Britt & Browne, Overland Park, KS, for Petitioners.
 Before KELLY, HENRY, and LUCERO, Circuit Judges.
 
 ORDER
 
 1
 This antitrust suit was originally filed in state court. Petitioners-appellants, the twelve defendant companies, removed the case to federal court. See 28 U.S.C. § 1446. Although all of the defendant companies were identified in the body of the notice of removal as consenting to removal, two company names did not appear in the signature block under any attorney's name. Plaintiff-appellee, the plaintiff company, filed a motion to remand, and the district court entered an order remanding the case to state court for lack of unambiguous unanimous consent to removal within thirty days after petitioners-appellants' receipt of the initial pleading.
 
 
 2
 We have for consideration petitioners-appellants' petition for writ of mandamus or, in the alternative, motion for expedited appeal asking us to treat their mandamus petition as their opening brief on appeal. Plaintiff-appellee has filed a motion to dismiss the appeal or mandamus petition for lack of appellate jurisdiction. Petitioners-appellants have filed their opposition to the motion to dismiss, and plaintiff-appellee has filed a reply.
 
 
 3
 The initial question in any challenge to an order remanding a removed case is whether the remand order is reviewable at all. SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 580 (10th Cir.1997). 28 U.S.C. § 1447(d) states that a remand order "is not reviewable on appeal or otherwise," except that a remand authorized by 28 U.S.C. § 1443 is reviewable. The exception under § 1443 is not applicable here, so it appears at first blush that review of the district court's remand order is barred. However, "the application of § 1447(d) is not as broad as its language suggests. Appellate review is barred by § 1447(d) only when the district court remands on grounds permitted by § 1447(c)." Dalrymple v. Grand River Dam Auth., 145 F.3d 1180, 1184 (10th Cir.1998) (citing Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) and Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 345-46, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976), overruled on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 714-15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996)).
 
 
 4
 The district court did not mention § 1447(c) in its order. See Pet. for Writ of Mandamus, Tab F. But this court held in Dalrymple that the mere omission of a citation to § 1447(c) is not sufficient to allow review by this court, just as the mere citation to § 1447(c) is not sufficient to bar review by this court. Dalrymple, 145 F.3d at 1184. Rather, "[i]n order to evaluate the reviewability of the district court's remand order[], [this court] must independently review the record to determine the actual grounds upon which the district court believed it was empowered to remand." Id.
 
 
 5
 In this case, the district court relied on two legal points: first, that § 1446(b) provides that the notice of removal must be filed within thirty days after defendants received the initial pleading, and, second, that all of the defendants must give their consent to removal within the thirty-day window. Pet. for Writ of Mandamus, Tab F at 1-3. Relying on the fact that two company names were missing from the signature block on the notice of removal, the court concluded that it was ambiguous whether the missing companies consented to removal and construed the ambiguity against removal.
 
 
 6
 Petitioners-appellants maintain that the district court's order of remand is subject to review and should be reversed. They argue that: (1) the absence of two defendant company names from the signature block is not a defect that can justify a remand under § 1447(c); and (2) even if it is, plaintiff-appellee's motion to remand was untimely to raise any procedural defects in the notice of removal. Petitioners-appellants' second argument necessarily implicates a third question they did not raise: (3) whether the district court was authorized to remand based on the alleged procedural defect outside the thirty-day window even if plaintiff-appellee's motion to remand was untimely.
 
 
 7
 If either of petitioners-appellants' arguments has merit, then we have jurisdiction to review the district court's remand order. That leads to the question whether we should consider petitioners-appellants' arguments within their mandamus petition or within their appeal. Although this court has not yet spoken directly to this question, the majority of the circuit courts hold that the Supreme Court decided in Quackenbush v. Allstate Insurance Company, 517 U.S. 706, 714-15, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), that remand orders are final, and that mandamus is both unnecessary and unavailable to challenge a reviewable remand order because it may be reviewed on appeal. See Nelson v. Medtronic Inc. (In re FMC Corp. Packaging Sys. Div.), 208 F.3d 445, 449 (3d Cir.2000); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 n. 3 (6th Cir.2000); Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir.1999); Ariail Drug Co. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir.1997); Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 103-04 (5th Cir.1996); Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir.1996). A commentator agrees: "A remand that terminates all proceedings in a federal court is final. If appeal is barred, it is by § 1447(d), not for want of finality." 15A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3914.11 (2d ed. 1992) (2003 Supp.).
 
 
 8
 The Seventh Circuit has explained the reasoning behind these decisions succinctly:
 
 
 9
 Appeal rather than mandamus is the right route. Although Thermtron stated that mandamus is essential and appeal impermissible, Quackenbush reversed that conclusion. 517 U.S. at 714-15, 116 S.Ct. 1712. The Court [in Quackenbush] observed that the [mandamus requirement] of Thermtron had been based on [an earlier] decision the Justices now deem "superannuated." 517 U.S. at 715, 116 S.Ct. 1712. A remand order terminates the litigation in federal court and therefore after Quackenbush is appealable as a "final decision" under 28 U.S.C. § 1291 — unless § 1447(d) forecloses appeal....
 
 
 10
 Benson, 188 F.3d at 782.
 
 
 11
 It appears that only the Fourth Circuit holds that mandamus is still appropriate. See Borneman v. United States, 213 F.3d 819, 826 (4th Cir.2000). That court views Thermtron and Quackenbush as establishing alternative avenues for challenging a remand order. See Borneman, 213 F.3d at 826. The court did not explain how both an appeal and mandamus can be available, however, when the Supreme Court has repeatedly held that mandamus is not a substitute for an appeal, see, e.g., Schlagenhauf v. Holder, 379 U.S. 104, 110, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964), and that mandamus is not available when there is an "adequate alternative means" for petitioners to obtain the relief they seek, see, e.g., Mallard v. United States Dist. Ct., 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).
 
 
 12
 We appear already implicitly to have joined the majority view. In Kennedy v. Lubar, we noted that a two-judge panel of this court had denied the defendant's petition for writ of mandamus and allowed him to proceed with the appeal he had filed simultaneously, because "the appropriate vehicle for redress was a direct appeal." 273 F.3d 1293, 1296 (10th Cir.2001). We have also allowed some other appeals challenging a remand order, without discussing the issue of mandamus. See, e.g., SBKC, 105 F.3d at 580. We have acknowledged the central point of Quackenbush, i.e., that a remand order may be reviewed under 28 U.S.C. § 1291 as a final order or as a collateral order because "[a] remand order puts the litigants `effectively out of court.'" First Union Mortgage Corp. v. Smith, 229 F.3d 992, 994 (10th Cir.2000) (quoting Quackenbush, 517 U.S. at 714, 116 S.Ct. 1712 (further quotation omitted)). Because every remand order has exactly the same effect, in light of Quackenbush, it would appear that a remand order is always final and may be reviewed by appeal when it may be reviewed at all. The basis for the remand comes into play when we must decide whether the order may be reviewed "on appeal or otherwise." § 1447(d). We therefore join those circuits holding that when a remand order may be reviewed, that review should be by appeal.
 
 
 13
 Petitioners-appellants' motion to expedite the appeal is granted and we will treat their mandamus petition as their opening brief on appeal. Their petition for writ of mandamus is denied as moot. Our decision on plaintiff-appellee's motion to dismiss for lack of jurisdiction is deferred until we consider the merits of the appeal. Plaintiff-appellee is allowed ten business days from the date of this order to file a response on the merits, and petitioners-appellants are allowed five business days after that in which to file a reply. All briefs shall be filed with appropriate service on all parties.