412 F.3d 307
 Michael D. SHAPIRO, Ancillary Administrator of the Estate of Michael Ryckman, Plaintiff-Appellee,
v.
LOGISTEC USA INC. and Scott Barlow, Defendants-Third-Party-Plaintiffs-Appellants,
Sherwood Lumber Corp., Third-Party-Defendant.
Docket No. 04-0733-CV.
 United States Court of Appeals, Second Circuit.
 Argued: September 15, 2004.
 Decided: June 20, 2005.
 
 Robert T. Rimmer, The Reardon Law Firm, P.C. (Robert I. Reardon, Jr., of counsel), New London, CT, for Plaintiff-Appellee.
 Patrick F. Lennon, Tisdale & Lennon LLC, Southport, CT, for Defendants-Third-Party-Plaintiffs-Appellants.
 Before: SACK, RAGGI, and HALL, Circuit Judges.
 SACK, Circuit Judge.
 
 
 1
 We confront here the issues of 1) under what circumstances we may review a district court's order remanding a diversity action to state court, 2) when a district court may reconsider its own remand motion, and 3) when, if ever, a plaintiff will be deemed to have waived his objection to removal by filing his motion for remand after the statutory period for doing so has run. We conclude, inter alia, that a) the remand granted by the district court in this case was made pursuant to 28 U.S.C. § 1441(b), which prohibits a defendant from removing an action to federal court on the basis of diversity jurisdiction if any defendant "is a citizen of the State in which such action is brought," b) such a remand is not covered by 28 U.S.C. § 1447(c) because it is not based on lack of subject matter jurisdiction or some other defect timely raised, c) therefore, 28 U.S.C. § 1447(d), which would bar both reconsideration by the district court of its remand order and our review of such a remand order after it has become effective, does not apply, and d) the district court should have granted the motion for reconsideration and denied the motion for remand because the plaintiff waived his section 1441(b) objection to removal by making the objection after the time limit imposed by section 1447(c) had expired.
 
 BACKGROUND
 
 2
 On January 13, 2003, Michael Ryckman, a truck driver from the State of Washington, was fatally injured at defendant Logistec USA Inc.'s premises in New London, Connecticut when plywood being unloaded from his truck shifted and fell on him from a forklift operated by the defendant Scott Barlow, a Logistec employee. On June 6, 2003, the plaintiff Michael D. Shapiro, as ancillary administrator of Ryckman's estate, filed a complaint against the defendants in Connecticut Superior Court. In it, the plaintiff, alleging that Ryckman's death had been caused by the defendants' negligence or recklessness, asserted a claim for compensatory and punitive damages against them. He also sought attorneys' fees and costs.
 
 
 3
 On June 25, 2003, the defendants filed a notice of removal of the Connecticut state-court litigation in the United States District Court for the District of Connecticut (Christopher F. Droney, Judge). They asserted that Ryckman had been a citizen of the State of Washington at the time of his death and that his estate was therefore deemed to be a citizen of Washington under 28 U.S.C. § 1331(c)(2), that Logistec was a Delaware corporation with its principal place of business in the State of Connecticut, and that Barlow was a citizen of Connecticut. See Defs.' Notice Removal ¶¶ 1-4. They contended that there was therefore complete diversity of citizenship among the parties under 28 U.S.C. § 1332(a). See id. ¶ 7. The defendants further alleged that the amount in controversy exceeded $75,000. See id. They asserted that because the district court would thus have had diversity jurisdiction over the action under section 1332(a) had it originally been brought in that court, removal was proper under section 1441(a), which provides that any action brought in state court over which the district court would have had original jurisdiction may be removed to the district court "embracing the place where such action is pending," 28 U.S.C. § 1441(a). See Defs.' Notice Removal ¶ 10.
 
 
 4
 More than thirty days later, on July 30, 2003, the plaintiff filed a motion in the district court objecting to defendants' removal notice. He contended that removal was forbidden by 28 U.S.C. § 1441(b), which provides that an action is not removable if brought in the home forum of any defendant. See Pl.'s Objection Defs.' Notice Removal ¶¶ 8-9. Both Barlow and, for these purposes, Logistec, see 28 U.S.C. § 1332(c)(1), were citizens of the State of Connecticut, the forum state. See Pl.'s Objection Defs.' Notice Removal ¶ 9. The district court construed the plaintiff's motion as a motion to remand, and, on October 14, 2003, granted it and ordered that the case be remanded to state court. See Shapiro v. Logistec USA Inc., No. 3:03cv1123(CFD) (D.Conn. Oct. 14, 2003) (margin order).
 
 
 5
 On October 27, 2003, the defendants filed a motion for reconsideration of the remand order. On November 12, 2003, while that motion was pending, the defendants filed a notice of appeal of the remand order. The following day, while the reconsideration motion and notice of appeal were pending, the clerk of the district court sent certified copies of the docket sheet and order of remand to the state court.[1] On November 21, 2003, the state court acknowledged receipt of the file.
 
 
 6
 On April 8, 2004, the district court denied the defendants' motion for reconsideration of the order of remand on the ground that the court lacked jurisdiction to reconsider its order under 28 U.S.C. § 1447(d), which provides that "`[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.'" Shapiro v. Logistec USA Inc., No. 3:03cv1123(CFD) (D.Conn. Apr. 8, 2004) (ruling on motion for reconsideration) (quoting 28 U.S.C. § 1447(d)) (emphasis in the original). On April 22, 2004, the defendants filed an amended notice of appeal, which added an appeal from the order denying their motion for reconsideration to their appeal from the order of remand.
 
 DISCUSSION
 I. Jurisdiction to Review Remand Orders
 
 7
 As a threshold matter, we must determine whether we have jurisdiction to hear this appeal. Concluding that we do, we then address the district court's jurisdiction to review its own remand order on a motion for reconsideration.
 
 
 A. Statutory Framework
 
 
 8
 1. Removal and Remand Procedures. Title 28, United States Code, section 1441 sets forth the general federal statutory provision governing removals from state to federal court. It provides that a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Id. § 1441(a). Section 1441(b) provides, however, that an action is not removable if the district court's original jurisdiction is based on diversity of citizenship and any of the defendants "is a citizen of the State in which such action is brought." Id. § 1441(b).
 
 
 9
 Once a case has been removed to federal court, a party may move to remand the case to state court. Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." Id. § 1447(c). Section 1447(c) further states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Section 1447(c) also provides that "[a] certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Id.
 
 
 2. Authority to Review Remand Orders
 
 
 10
 a. Appellate Jurisdiction
 
 
 11
 Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Id. § 1447(d). Congress's purpose in thus limiting the ability of federal courts to review orders remanding cases to state court was "to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976). But "[s]ection 1447(d) is not dispositive of the reviewability of remand orders in and of itself. That section and § 1447(c) must be construed together ...." Id. at 345, 96 S.Ct. 584. "This means that only remand orders issued under § 1447(c) and invoking the grounds specified therein ... are immune from review under § 1447(d)." Id. at 346, 96 S.Ct. 584; accord Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). Such remand orders are non-reviewable even if erroneous. See Thermtron, 423 U.S. at 351, 96 S.Ct. 584; accord Volvo of Am. Corp. v. Schwarzer, 429 U.S. 1331, 1332-33, 97 S.Ct. 284, 50 L.Ed.2d 273 (1976) (Rehnquist, J., Circuit Justice). Thus, "[a]s long as a district court's remand is based on a timely raised defect [other than subject matter jurisdiction] or on lack of subject-matter jurisdiction [whenever made] — the grounds for remand recognized by § 1447(c) — a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995).
 
 
 12
 It is a question of law whether the district court based its remand order on a section 1447(c) ground. We address the question by looking to the grounds upon which the court purported to base its decision. Thus, in Carvel v. Thomas & Agnes Carvel Foundation, 188 F.3d 83 (2d Cir. 1999), we considered a remand order that the district court purported to base upon the rule set forth in Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 457, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (concluding that "the exercise of jurisdiction by a state court over the administration of a trust deprives a federal court of jurisdiction of a later suit involving the same subject matter"). Although in remanding the claims at issue "the district court explicitly stated that it lacked jurisdiction over the[m]," we concluded that the statement was not dispositive. Carvel, 188 F.3d at 85. Rather, we decided, Princess Lida "states a ... prudential doctrine of abstention" and not a "rule of subject matter jurisdiction." Id. at 85. We concluded that the remand was therefore based on abstention, not on a timely raised "defect" or subject matter jurisdiction, and thus was not based on a section 1447(c) ground. Id. at 86. We held that section 1447(d) therefore did not prohibit our review of the remand order. Id.
 
 
 13
 Similarly, in Pierpoint v. Barnes, 94 F.3d 813 (2d Cir.1996), we decided that the district court had not based its remand order on the absence of subject matter jurisdiction even though it had explicitly stated that the case did not arise "`under the "Constitution, treaties or laws of the United States" for the purposes of 28 U.S.C. § 1441(b).'" Id. at 816 (quoting Pierpoint v. Barnes, 892 F.Supp. 60, 61 (D.Conn.1995)). We found it "hard to believe that the [district] court would question federal subject matter jurisdiction ... since the statute [in question] explicitly grants original subject matter jurisdiction to the federal courts." Id. We concluded that "the [district] court's holding likely rested [instead] on its conclusion that [the] claims `arise exclusively in admiralty' and therefore are not removable." Id. We determined that this ground constituted a "defect in removal proceedings" within the meaning of section 1447(c). Id. at 818-19. Because the ground had been timely raised, section 1447(d) barred us from reviewing the remand order as we thus construed it. Id. at 819; see also Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 332 F.3d 116, 127 (2d Cir.2003) (interpreting remand order as giving "an alternative, and not incorrect, way of stating that subject matter jurisdiction ... is lacking" and concluding that, "[a]ccordingly, the remand order issued in such a case is not reviewable on appeal"); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 644 (2d Cir.1993) (per curiam) (holding that we would construe a remand order as "a ruling that the removal was procedurally improper, not that the action was one over which the court had no subject matter jurisdiction," because the district court did not appear to premise the remand on the jurisdictional points raised by the defendant).
 
 
 14
 Of course, a district court's statements regarding the basis for its remand order will ordinarily be highly persuasive. But we are ultimately bound by the substance of what the district court did—not what it said—when it remanded the case. In rare cases, such as in Carvel, we may therefore conclude that the basis for the remand was not a section 1447(c) ground even though the district court made statements that seem to suggest otherwise. If we determine that the remand was made on the basis of a section 1447(c) ground, then section 1447(d) bars our review. Conversely, if we conclude that the remand was not based on a section 1447(c) ground, then section 1447(d) does not deprive us of the ability to entertain the appeal.
 
 
 15
 b. Motions for Reconsideration in the District Court
 
 
 16
 The Ninth Circuit has observed that "[r]emand orders based on section 1447(c) are unreviewable on `appeal or otherwise.' This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." Seedman v. United States Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir.1988) (per curiam) (quoting 28 U.S.C. § 1447(d) and citing New Orleans Pub. Serv., Inc. v. Majoue, 802 F.2d 166, 167 (5th Cir.1986) (per curiam); Pelleport Investors, Inc. v. Budco Quality Theatres, Inc., 741 F.2d 273, 279 n. 3 (9th Cir.1984); Three J Farms, Inc. v. Alton Box Bd. Co., 609 F.2d 112, 115 (4th Cir. 1979), cert. denied, 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980); Fed. Deposit Ins. Corp. v. Santiago Plaza, 598 F.2d 634, 636 (1st Cir.1979) (per curiam)); see also Lalondriz v. USA Networks, Inc., 68 F.Supp.2d 285, 286 (S.D.N.Y.1999) (stating that under section 1447(d) "a district court may not review [its remand order] on a motion for reconsideration"); cf. Trans Penn Wax Corp. v. McCandless, 50 F.3d 217, 226 (3d Cir.1995) ("[O]ur precedent suggests a district court would lack jurisdiction to reconsider its order of remand once a certified copy of the remand order has been sent to the state court."). We agree with the district court here, and with our sister circuits, that the "or otherwise" language of section 1447(d) bars district courts from reconsidering orders remanding cases on section 1447(c) grounds.
 
 
 17
 c. Certifying the Remand Order and Terminating Federal Jurisdiction
 
 
 18
 Section 1447(d) establishes that once a section 1447(c) remand order has been mailed to the state court pursuant to the latter section, federal jurisdiction is at an end. Section 1447(c), however, "is not self-executing." Arnold v. Garlock, Inc., 278 F.3d 426, 437 (5th Cir.2001). "This provision creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction." Id. at 438. Thus, section 1447(d) divests the district court of jurisdiction upon mailing of a remand order based on section 1447(c) grounds to state court. See id.; Seedman, 837 F.2d at 414 ("Once a district court certifies a remand order to state court [on section 1447(c) grounds] it is divested of jurisdiction and can take no further action on the case."). But if the remand is not on section 1447(c) grounds, and therefore section 1447(d) does not apply, then the mailing of the remand order to the state court does not strip the federal court of jurisdiction. See Hudson United Bank v. LiTenda Mortgage Corp., 142 F.3d 151, 159 (3d Cir.1998).
 
 
 19
 
 B. Application of the Statutory Provisions to the Instant Case
 
 
 
 20
 The district court construed the plaintiff's motion objecting to the removal as a motion to remand the case to state court. See Shapiro v. Logistec USA Inc., No. 3:03cv1123(CFD) (D.Conn. Oct. 14, 2003) (margin order) ("The motion to remand is GRANTED."). The objection was filed on July 30, 2003, more than thirty days after June 25, 2003, the date on which the defendants had filed their notice of removal. In granting the motion to remand, the district court wrote:
 
 
 21
 Title 28 U.S.C. § 1441(b) provides that defendants may remove civil actions to federal court in actions in which the federal courts would have original jurisdiction based on diversity of citizenship, "provided that no defendant[ ] `is a citizen of the state in which such action is brought.'" Caterpillar, Inc. v. Lewis, 519 U.S. 61, 69, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (quoting 28 U.S.C. § 1441(b)). See also Handelsman v. Bedford Village Assoc[s]. Ltd. P'ship, 213 F.3d 48, 50[ ]n. 2 (2d Cir.2000) ("Because [defendant] was a citizen of New York [where the action was brought], he was not entitled to remove to federal court."). Here, defendant Scott Barlow is a resident of Connecticut, the state in which the action was brought. Therefore, removal based on diversity of citizenship was not proper. The clerk is directed to remand this case to the Connecticut Superior Court.
 
 
 22
 Id. (last two alterations in original).
 
 
 23
 Clearly, the district court based the remand on section 1441(b)'s provision that a case is not removable if it is brought in a defendant's home forum. The critical question then is whether that statutory rule is a section 1447(c) ground for removal, i.e., whether the ground was either 1) a defect other than subject matter jurisdiction raised in a motion filed "within 30 days after the filing of the notice of removal"; or 2) a lack of subject matter jurisdiction. If it is either, then review of the remand order is forbidden by section 1447(d).
 
 
 24
 It is undisputed that the plaintiff did not file the objection to removal within thirty days of the date on which defendants filed their notice of removal and that the district court was aware of the dates on which the notice of removal and the objection thereto were filed. We therefore conclude that the district court did not base the remand order on the first section 1447(c) ground inasmuch as the filing of the objection, which was construed as a motion to remand, was not timely. See Hamilton, 5 F.3d at 644.
 
 
 25
 Neither did the district court base the remand order on the second section 1447(c) ground. In Woodward v. D.H. Overmyer Co., 428 F.2d 880 (2d Cir.1970), we held that section 1441(b)'s rule against removal where a defendant is a citizen of the forum was a procedural rule and was not jurisdictional. Id. at 882-83 (stating that "[w]e are quite content to follow our distinguished predecessors" who held that "where only [section 1441(b)'s rule against removal from the home forum] was violated and the plaintiff made no timely request for remand, the situation could be considered to be as if the plaintiff had brought the action in the federal court and, if jurisdiction would have existed in that event, objection on the score of nonremovability would be deemed waived" and we would "uphold federal jurisdiction" in such a case); see also Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 50 n. 2 (2d Cir.2000) (concluding that although defendant was a citizen of the forum state and was therefore not entitled to remove the case under section 1441(b), "[plaintiff] waived his right to object to this procedural defect ... by failing to raise the objection within 30 days of removal").[2] We adhere (as of course we must) to our rule that section 1441(b) is a rule of procedure and does not state a jurisdictional requirement.
 
 
 26
 The remand order at issue was thus not based on either of section 1447(c)'s two grounds. Section 1447(d) therefore does not apply and does not act to deprive us of the authority to review the district court's order of remand.
 
 
 27
 Because section 1447(d) does not apply, it also follows that the district court was mistaken in its determination that the remand order was not reviewable because of section 1447(d)'s "or otherwise" language. See Shapiro v. Logistec USA Inc., No. 3:03cv1123(CFD) (D.Conn. Apr. 8, 2004) (Ruling on Motion for Reconsideration) (quoting 28 U.S.C. § 1447(d)). The transmission of the certified order of remand did not divest the district court of the ability to reconsider its order.
 
 II. Review of the Remand Order on the Merits
 
 A. Whether to Review by Appeal or Mandamus
 
 
 28
 In Thermtron, the Supreme Court concluded that "an order remanding a removed action does not represent a final judgment reviewable by appeal." 423 U.S. at 352-53, 96 S.Ct. 584. Rather, it stated, "`[t]he remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done.'" Id. at 353, 96 S.Ct. 584 (quoting R.R. Co. v. Wiswall, 90 U.S. (23 Wall.) 507, 508, 23 L.Ed. 103 (1875) (alteration in original)). In Quackenbush, the Supreme Court "disavow[ed]" its Thermtron holding in that regard. 517 U.S. at 715, 116 S.Ct. 1712. The Court reasoned that a remand order "conclusively determines an issue that is separate from the merits, namely, the question whether the federal court should decline to exercise its jurisdiction." Id. at 714, 116 S.Ct. 1712. According to the Court, "When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." Id. The Court concluded that remand orders are "indistinguishable from the stay order ... found to be appealable in Moses H. Cone" "as a `final decision' under [28 U.S.C.] § 1291 because it put the litigants `effectively out of court.'" Id. at 713-14, 116 S.Ct. 1712 (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 11 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)). The Court therefore concluded that the remand order was appealable under section 1291. Id. at 715, 116 S.Ct. 1712.
 
 
 29
 We join the majority of our sister circuits in deciding that, following Quackenbush, the proper avenue for review is by appeal rather than by mandamus. See Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp. (In re Stone Container Corp.), 360 F.3d 1216, 1219-20 (10th Cir.2004) (order); Nelson v. Medtronic Inc. (In re FMC Corp. Packaging Sys. Div.), 208 F.3d 445, 449 (3d Cir.2000); Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 758 n. 3 (6th Cir.2000); Benson v. SI Handling Sys., Inc., 188 F.3d 780, 782 (7th Cir.1999); Ariail Drug Co. v. Recomm Int'l Display, Inc., 122 F.3d 930, 933 (11th Cir.1997); Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 103-04 (5th Cir.1996); Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir.1996). But see Borneman v. United States, 213 F.3d 819, 826 (4th Cir.2000), cert. denied, 531 U.S. 1070, 121 S.Ct. 759, 148 L.Ed.2d 661 (2001). Compare id. ("[W]e have authority to review [remand] rulings either as appealable decisions under 28 U.S.C. § 1291 or on petition for a writ of mandamus." (citing Quackenbush, 517 U.S. at 714, 116 S.Ct. 1712; Thermtron, 423 U.S. at 351, 96 S.Ct. 584)) with Stone Container Corp., 360 F.3d at 1219-20 ("The [Fourth Circuit] did not explain how both an appeal and mandamus can be available ... when the Supreme Court has repeatedly held that mandamus is not a substitute for an appeal and that mandamus is not available when there is an `adequate alternative means' for petitioners to obtain the relief they seek." (citations omitted)). Thus, we review the district court's remand order by direct appeal because our ability to entertain the appeal is not barred here by section 1447(d).
 
 
 30
 
 B. Review of the Instant Remand and Reconsideration Orders
 
 
 
 31
 Under section 1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." In this case, as we have seen, the motion to remand was not made within that period and, inasmuch as it was based on the in-state citizenship of the defendants under section 1441(b), it did not go to the district court's subject matter jurisdiction. The plaintiff therefore waived the section 1441(b) objection when he failed to file his motion to remand within the statutorily prescribed time period. "Given the passage of more than 30 days without a challenge, the court lacked authority under § 1447(c) to remand the action on that ground." Hamilton, 5 F.3d at 644. The district court therefore erred in remanding the case to state court and in denying the motion for reconsideration.
 
 CONCLUSION
 
 32
 For the foregoing reasons, we vacate the district court's order denying defendants' motion for reconsideration and its order granting the plaintiff's motion to remand to state court, and we remand the case to the district court with instructions for the court to deny the motion to remand and to conduct such further proceedings consistent with this opinion as the court may deem warranted.
 
 
 
 Notes:
 
 
 [1]
 Under Local Rule 83.7 of the District Court for the District of Connecticut, the certified order of remand should be sent to the state court only after the district court has disposed of the motion for reconsideration. The parties and the district court apparently paid no heed to the fact that the remand order had been certified to the state court, and the district court proceeded to adjudicate the pending motion
 
 
 [2]
 Our sister circuits are largely in agreementSee Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1372 n. 4 (11th Cir.1998); Korea Exch. Bank v. Trackwise Sales Corp., 66 F.3d 46, 50 (3d Cir.1995); In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir.1991), cert. denied sub nom. Acuna Castillo v. Shell Oil Co., 502 U.S. 1049, 112 S.Ct. 914, 116 L.Ed.2d 814 (1992); Farm Constr. Servs., Inc. v. Fudge, 831 F.2d 18, 22 (1st Cir.1987) (per curiam); Plastic Moldings Corp. v. Park Sherman Co., 606 F.2d 117, 119 n. 1 (6th Cir.1979). The Eighth Circuit, however, has concluded that section 1441(b) states a jurisdictional bar. See Hurt v. Dow Chem. Co., 963 F.2d 1142, 1144-45 (8th Cir.1992) (differentiating removal jurisdiction from original jurisdiction and concluding that "[d]efendants must come within the court's removal jurisdiction," the requirements of which are established by section 1441(b)); id. at 1145-46 (distinguishing the Supreme Court's statement in Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972), that the issue on appeal "is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court," on the basis that the Grubbs plaintiffs did not object to removal whereas the plaintiffs in Hurt had objected, and stating in any event that jurisdiction is not "capable of being waived"). For the reasons stated in Woodward, 428 F.2d at 883, we disagree.