11-4705-cv
Holmes v. Experian Information Solutions, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of January, two thousand thirteen.

PRESENT:
> Guido Calabresi,
> Robert D. Sack,
> Gerard E. Lynch,
> > *Circuit Judges.*

_____

Keith A. Holmes,

> *Plaintiff-Appellant*,

> v.                                                          11-4705-cv

Experian Information Solutions, Inc.,

> *Defendant-Appellee*.

_____


| | |
|---|---|
| **FOR PLAINTIFF -APPELLANT:** | Keith A. Holmes, *pro se*, Yorktown Heights, NY. |
| **FOR DEFENDANT -APPELLEE:** | Michael D. Silberfarb, Laird E. Nelson (Anderson T. Bailey, Katelyn Matscherz, *on the brief*), Jones Day, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Keith A. Holmes, proceeding pro se, appeals from the district court's order granting Appellee Experian Information Solutions, Inc.'s ("Experian") summary judgment and dismissing Holmes's complaint, which alleged that Experian, a consumer reporting agency, was negligent when it included certain adverse information on his credit report. Holmes v. Experian Info. Solutions, Inc., No. 09 Civ. 874, 2011 WL 4542900 (S.D.N.Y. Sept. 30, 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"When reviewing a district court's determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo." McCarthy v. Navistar Fin. Corp. (In re Vogel Van & Storage, Inc.), 59 F.3d 9, 11 (2d Cir. 1995). We also review de novo a district court's application of preemption principles, Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 106 (2d Cir. 2009), and grants of summary judgment, Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003).

Holmes argues that Experian improperly removed his case from New York state court by contending that his state law claim was controlled by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Ordinarily, preemption is a defense to be asserted in state court and not a ground for removal, except in a limited number of cases in which "complete preemption" applies. See Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 272-73 (2d Cir. 2005). "Under the

complete-preemption doctrine, certain federal statutes are construed to have such 'extraordinary' preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims – i.e., completely preempted." Id. at 272.

Assuming arguendo that Holmes is correct and the FCRA does not completely preempt state law claims, and that federal question removal was therefore improper, the district court nonetheless had diversity jurisdiction over the case. See 28 U.S.C. § 1332. Holmes is a New York citizen, while Experian is an Ohio corporation with its principal place of business in California, and Holmes sought $1 million in damages. Because Experian was not a citizen of the forum state, New York, the case also met the requirements for removal pursuant to 28 U.S.C. § 1441(a) and (b).

Where subject matter jurisdiction exists, it is not defeated because the removing defendant asserted the wrong ground of jurisdiction. See Hallingby v. Hallingby, 574 F.3d 51, 56 (2d Cir. 2009) (holding that any jurisdictional flaw "'is not fatal to the ensuing adjudication if federal jurisdictional requirements are met at the time judgment is entered'" (quoting Caterpillar Inc. v. Lewis, 519 U.S. 61, 64 (1996))). "[W]e view the critical issue to be whether the district court had subject matter jurisdiction at any time before it rendered judgment." Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 301 (2d Cir. 2004). Holmes waived any non-jurisdictional objection to the manner of removal by failing to object within thirty days of the filing of the notice of removal. See 28 U.S.C. § 1447(c); see also Shapiro v. Logistec USA Inc., 412 F.3d 307, 315 (2d Cir. 2007) (holding that plaintiff waived non-jurisdictional objection by failing to file motion to remand within thirty days). Thus, the district court correctly held that it had jurisdiction over the case.

3

The district court was also correct in ruling on the merits that the FCRA preempts claims of negligence by consumer reporting agencies, allowing recovery only for malice or willfulness, which Holmes did not allege.  See 15 U.S.C. § 1681h(e).

We have considered all of Holmes's other arguments on appeal and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4