12-1860-cv (L)
Sanchez v. MTV Networks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand thirteen.

PRESENT: RALPH K. WINTER,
GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges.*

_____

CAITLIN SANCHEZ, performing as Dora The Explorer,

*Plaintiff - Appellant*,

v.                                                          Nos.   12-1860-cv
                                                                          12-2670-cv
                                                                          12-2671-cv

MTV NETWORKS, a division of Viacom International, Inc., d/b/a Nickelodeon, NICKELODEON/VIACOM CONSUMER PRODUCTS, INC.,

*Defendants - Appellee*s,

and

BALESTRIERE FARIELLO,

*Intervenor - Defendant - Appellee.*

_____

FOR APPELLANT:        DANIELLA QUITT (Robert I. Harwood and Peter W. Overs, Jr., *on the brief*), Harwood Feffer LLP, New York, New York; Robert M. Tils and Joshua B. Summers, Moritt Hock & Hamroff LLP, Garden City, New York; Robert N. Pafundi, Pafundi Law Firm, APC, Beverly Hills, California.

FOR APPELLEES:        STEPHEN FISHBEIN (Kirsten Nelson Cunha, *on the brief*), Shearman & Sterling LLP, New York, New York.

FOR INTERVENOR:       JOHN G. BALESTRIERE, Balestriere Fariello, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the orders of the of the district court are AFFIRMED.

Plaintiff-appellant Caitlin Sanchez ("Sanchez") appeals from an order of the United States District Court for the Southern District of New York, denying a motion to vacate an order and final judgment pursuant to Federal Rule of Civil Procedure 60(b)(4). Sanchez also appeals an order granting fees to her former counsel of record, Intervenor-defendant-appellee Balestriere Fariello ("Balestriere"), and an order allowing intervention by Balestriere. Finding no error in any of the district court's orders, we affirm. We assume the parties' familiarity with the facts, the procedural history of the case, and the specification of issues on appeal, to which we refer only as necessary to explain our decision.

We review de novo the district court's denial of a motion to vacate a judgment as void under Rule 60(b)(4), recognizing that "a deferential standard of review is not

2

appropriate because if the underlying judgment is void, it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005).  To the extent the district court's denial of a Rule 60(b)(4) motion turns on findings of fact, we review such findings for clear error.  See Luckett v. Bure, 290 F.3d 493, 496 (2d Cir. 2002) (reviewing factual findings for clear error, but reviewing conclusions of law based on those findings de novo).  A judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 194 (2d Cir. 2006) (internal quotation marks omitted).  We declare a judgment void for jurisdictional error, "only when the court plainly usurped jurisdiction . . . [i.e.,] when there is a total want of jurisdiction and no arguable basis on which [the district court] could have rested a finding that it had jurisdiction." Cent. Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 190 (2d Cir. 2003) (internal quotation marks omitted); accord Nemaizer v. Baker, 793 F.2d 58, 65-66 (2d Cir. 1986).  A procedural due process violation renders a judgment void only where such a violation is fundamental, and "deprives a party of notice or the opportunity to be heard." U.S. Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 1377 (2010); cf. Neilson v. Colgate-Palmolive Co., 199 F.3d 642, 654-56 (2d Cir. 1999) (finding no due process violation where the district court did not follow procedural rules in "every particular").  Relief under Rule 60(b) is therefore "extraordinary," Nemaizer, 793 F.2d at 61, and is granted "only in the rare instance"

3

where a judgment is fundamentally infirm on one of these bases, Espinosa, 130 S.Ct. at 1377.

Applying the foregoing principles, we conclude that Sanchez has failed to make the necessary showing to obtain relief under Rule 60(b)(4). First, the district court did not "plainly usurp[ ] jurisdiction." Herbert, 341 F.3d at 190; it had an "arguable basis" for jurisdiction, id., both under Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), because the complaint alleged a breach of an employment contract incorporating provisions of a collective bargaining agreement, and on the basis of diversity of citizenship, 28 U.S.C. § 1332(a), because Sanchez is a resident of New Jersey, defendant-appellees are New York citizens, and the amount in controversy exceeds $75,000. To the extent that Sanchez disputes the propriety of the removal of the case to federal court in New York, because defendants are corporations with principal places of business of in New York, and are therefore citizens of that state, see 28 U.S.C. § 1441(b) (prohibiting removal by defendants who are citizens of the state in which the action is brought), we note that "section 1441(b) is a rule of procedure and does not state a jurisdictional requirement," Shapiro v. Logistec USA Inc., 412 F.3d 307, 313 (2d Cir. 2005).

Second, Sanchez was not denied due process of law. While it is true that the district court failed to adhere in "every particular," Neilson, 199 F.3d at 656, to New York's procedures for approving infant settlements – as it is encouraged to do by S.D.N.Y. Local Rule 83.2 – such failings did not deny Sanchez of notice or the

4

opportunity to be heard, Espinosa, 130 S.Ct. at 1377. Sanchez was ably represented by counsel and by her parents throughout the settlement negotiations, and in approving the settlement, the district court had before it substantially all of the documentary submissions required by New York law. Moreover, in deciding the post-judgment motion to vacate the settlement, Sanchez was vigorously represented by present counsel, and the district court held in camera discussions with Sanchez, her mother, and her guardian ad litem, after which the district court concluded that the settlement should not be vacated. District courts should, of course, be mindful of the special procedures established to protect minors and their interests, but on this record, any failure of the district court strictly to adhere to the state procedures referenced in Local Rule 83.2 does not entitle Sanchez to extraordinary relief under Rule 60(b)(4). Nemaizer, 793 F.2d at 61.

We also decline to disturb the district court's order approving Balestriere's fees. First, we find no abuse of discretion in the district court's decision to allow Balestriere to intervene to defend the fee award, which simply gave formal recognition to the fact that the law firm was entitled to defend against Sanchez's intended appeal of the fee award. See, e.g., H.L. Hayden Co. of N.Y., Inc. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986) (noting that permissive intervention is "discretionary with the trial court"). Second, as to the merits of the award, "[t]he standard of review of an award of attorney's fees is highly deferential to the district court." Mautner v. Hirsch, 32 F.3d 37, 38 (2d Cir. 1994). "This standard takes into account that the amount sought for attorney's fees is dependent on the unique facts of each case." Alderman v. Pan Am World Airways, 169

5

F.3d 99, 102 (2d Cir. 1999). Here, the district court found that the 37.5% fee in connection with the settlement was reasonable based on the complexity of the lawsuit and the hourly rates that an experienced litigator would charge under similar circumstances. Further, the district court reduced the fees to which Balestriere would be entitled as a result of any future recovery that Sanchez would receive when exercising her audit rights from 30% to 15%. Such decisions were well within the district court's sound discretion.

Finally, at oral argument we directed the parties to advise the Court as to the continued necessity of sealing portions of the briefs and appendices. No party has contended that there is any basis for maintaining any portion of the briefs under seal, and only Sanchez has argued for the continued sealing of the Confidential Joint Appendix ("CJA"). In her letter to the Court, Sanchez urges that the entire 777-page CJA should remain under seal, because it contains "detailed information . . . relating to, among other things, the specifics of the minor's compensation, her private email address, and confidential and privileged email exchanges between the minor's parents and their former counsel." Letter to the Ct. Apr. 29, 2013, at 1. While we agree that Sanchez's email address should be redacted, any privilege attaching to counsel's communications is no longer applicable in view of the litigation over counsel's fees and the propriety of his actions, which resulted in the disclosure of the communications to the defendants-appellees. Moreover, the adequacy of Sanchez's compensation was the very subject of this litigation, and the public is entitled to understand the nature of the dispute and the reasons for the rulings of this Court and the district court. See, e.g., Lugosch v. Pyramid

6

Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.") (alteration in original). Accordingly, Sanchez has not established a basis for the broad sealing order she seeks.

We have reviewed each of Sanchez's remaining arguments and find them to be without merit. For the foregoing reasons, the orders of the district court are AFFIRMED. It is further ordered that the briefs in this matter are hereby unsealed, and Sanchez is directed to publicly file a copy of the CJA, redacted as to her email address and any other information required to be redacted by Fed. R. Civ. P. 5.2(a) other than the name of the minor plaintiff-appellant, which has been public since the beginning of the litigation.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court