18-1579-cv
*Comm'r of Soc. Servs. v. Clarke*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            JOSÉ A. CABRANES,
            PETER W. HALL,
                        *Circuit Judges.*

_____

COMMISSIONER OF SOCIAL SERVICES,
PETITIONER/ASSIGNEE ON BEHALF OF TAMMY
BOERTLEIN, ASSIGNOR,

              *Petitioner-Appellee,*                    18-1579-cv

                    v.

ROGER W. CLARKE, JR.,

              *Respondent-Appellant.*

_____

**FOR PETITIONER-APPELLEE:**            Brian C. Mitchell, Assistant County
                                        Attorney, Suffolk County Attorney's
                                        Office, Hauppauge, NY.

**FOR RESPONDENT-APPELLANT:**                    Roger W. Clarke, Jr., *pro se*, Yaphank, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Respondent-Appellant Roger W. Clarke, Jr. ("Clarke"), *pro se*, appeals from orders of District Court remanding this action to the Family Court of the State of New York and denying reconsideration of that decision. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conclude that we lack jurisdiction over this appeal. When a district court timely remands an action because of "a flaw encompassed by [28 U.S.C.] § 1447(c)—*i.e.*, a defect in the removal procedure or the absence of subject matter jurisdiction—§ 1447(d) makes the remand unreviewable." *In re WTC Disaster Site*, 414 F.3d 352, 364 (2d Cir. 2005); *see also* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.").[1] Here, the District Court remanded the action pursuant to § 1447(c) after finding that removal was untimely, and that Clarke failed to attach certain required documents to his notice of removal. *See Comm'r of Soc. Servs. v. Clarke*, No. 17-CV-6030, 2017 WL 5195228, at *2 (E.D.N.Y. Nov. 9, 2017).. Because these defects constitute "flaw[s] encompassed by § 1447(c)," we lack jurisdiction to review the merits of Clarke's appeal.

We have reviewed all of the arguments with respect to jurisdiction raised by Clarke on appeal and find them to be without merit. For the foregoing reasons, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Indeed, we have previously held that "the 'or otherwise' language of section 1447(d) [even] bars district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005).