*Suffolk County Department of Social Services v. Clarke*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

PRESENT: RICHARD J. SULLIVAN,
MICHAEL H. PARK,
WILLIAM J. NARDINI,
*Circuit Judges.*

------------------------------------------------------------------

SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, O/B/O TAMMY BOERTLEIN,

*Petitioner-Appellee,*

v.                                                                No. 19-845-cv

ROGER W. CLARKE, JR.,

*Respondent-Appellant.*

------------------------------------------------------------------

FOR RESPONDENT-APPELLANT:        Roger W. Clarke, Jr., pro se, Yaphank, NY.

FOR PETITIONER-APPELLEE: Brian C. Mitchell, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Joanna Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction and the motion for judicial notice is **DENIED** as moot.

Appellant Roger W. Clarke, Jr., proceeding pro se, appeals from orders of the district court (Seybert, *J.*) (1) remanding this child-support enforcement action to state court and denying reconsideration of that decision on the grounds that Clarke's removal of the state action was procedurally defective, and (2) imposing a filing injunction on Clarke in light of his three prior attempts to remove the same action to federal court. On appeal, Clarke also moves for judicial notice of certain court decisions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Federal law provides that removal of a state-court action to federal court must occur within 30 days of the respondent's receipt of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based."

2

28 U.S.C. § 1446(b)(1). Failure to comply with this requirement constitutes a procedural defect that compels a district court to remand the action back to state court. *Id.* § 1447(c). Significantly, when a district court timely remands a case based on a procedural defect in the notice of removal pursuant to § 1447(c), the remand order "is not reviewable on appeal or otherwise." *Id.* § 1447(d); *see also Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 310 (2d Cir. 2005) ("[R]emand orders [based on procedural defects] are non-reviewable even if erroneous.").

Here, the district court remanded Clarke's action pursuant to § 1447(c) based on a procedural defect – Clarke failed to remove the action within 30 days of receipt of the initial pleading in the child-support proceedings. We therefore lack jurisdiction to review the remand order (and reconsideration of that order). *Shapiro*, 412 F.3d at 311 ("If we determine that the remand was made on the basis of a section 1447(c) ground, then section 1447(d) bars our review."); *id.* at 312 (holding that § 1447(d) also "bars district courts from reconsidering orders remanding cases on section 1447(c) grounds"); *see also Comm'r of Soc. Servs. v. Clarke*, 768 F. App'x 92 (2d Cir. 2019) (dismissing Clarke's appeal from the district court's first remand order – based on the same procedural defects – for lack of jurisdiction).

On appeal, Clarke attempts to invoke an exception to this jurisdictional bar by arguing that his removal was pursuant to 28 U.S.C. § 1443 and is therefore reviewable on appeal. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."). We have rejected the same argument in Clarke's prior appeals of the remand orders. *See Clarke*, 768 F. App'x at 93; Order, *Suffolk Cty. Dep't of Soc. Servs. v. Clarke*, No. 18-83 (2d Cir. Apr. 23, 2018), ECF No. 23. Clarke's § 1443 arguments also fail because the Supreme Court has held that the statute applies only to removals based on claims of racial discrimination, and Clarke concedes that his claims are not based on racial discrimination. *See Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Georgia v. Rachel*, 384 U.S. 780, 792 (1966).

Finally, we need not address whether we have jurisdiction over any challenge to the filing injunction because Clarke has waived that issue by failing to address it in his brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (explaining that "we need not manufacture claims of error for an appellant proceeding *pro se*").

4

We have considered all of Clarke's remaining arguments and find them to be without merit.  Accordingly, we **DISMISS** the appeal for lack of jurisdiction and **DENY** Clarke's motion for judicial notice as moot.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court